4

# ORIGINAL

D-28812/3506    MOV:pdv           7/17/00



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALMA T. TAITAGUE AND § | |
| BILL TAITAGUE § | |
| § | |
| VS. § | CIVIL ACTION NO. B-00-099 |
| § | |
| ALBERTSON'S, INC. § | |

**DEFENDANT'S MOTION FOR PROTECTION**

TO THE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, **ALBERTSON'S, INC.**, the Defendant in the above-entitled and numbered cause of action, and moves this Court to enter a protective order regarding interrogatories, requests for production, and requests for admission sent when this case was in state court as follows:

1. Plaintiffs filed this lawsuit on May 18, 2000 in Texas state court. Along with the original petition, they filed the attached interrogatories, requests for production, requests for admission, and requests for disclosure. (See Exhibit A and B attached hereto and incorporated by reference herein.)

2. Defendant answers this petition in state court on June 13, 2000.

3. Defendant removed this case to this federal court on June 26, 2000 to this Court.

4. Defense counsel advised Plaintiff's counsel that she did not believe she had to answer his client's state court discovery. (See Exhibit C

attached hereto and incorporated by reference herein.) On July 14, 2000, Plaintiffs' counsel advised defense counsel he disagreed that her discovery was abated based on 28 USC § 1450. (See Exhibit D attached hereto and incorporated by reference herein.)

5. For the Court's convenience, a copy of 28 USC § 1450 is attached.

6. It is clear that 28 USC § 1450 does not require this Defendant to answer Plaintiffs' state court discovery. This section of the federal law requires that a federal court and parties honor writs of sequestration and attachments entered by state courts in cases removed to their courts. It, further, requires federal courts and parties to honor injunctions and orders entered by state courts in all actions removed to the federal court. It says absolutely nothing about requiring parties to answer discovery pending at the time a case is removed.

7. Therefore, Defendant respectfully requests that this Court enter a protective order stating that it does not have to answer Plaintiffs' stated court discovery, i.d. interrogatories, requests for production, and requests for admission. Defendant will cooperate fully in any discovery sent according to the Federal Rules of Civil Procedure.

8. Should further answer be necessary, this Defendant denies Plaintiff's Requests for Admission 2, 4, 5, 6, 7, 8 and 9. Defendant admits to Requests for Admission 1 and 2.

9.    Defendant further objects to Plaintiffs' Requests for Production 6 and 7.

10.    WHEREFORE, PREMISES CONSIDERED Defendant Albertson's respectfully moves this Court to enter a protective order that it does not have to answer/respond to the interrogatories, requests for production, and requests for admission sent by Plaintiffs in the state court action, and for such other and further relief at law and in equity, to which it is justly entitled.

Respectfully submitted:

**THORNTON, SUMMERS, BIECHLIN, DUNHAM & BROWN, L.C.**
418 East Dove
McAllen, Texas 78504
(956) 630-3080 Telephone
(956) 630-0189 Facsimile

BY: _____/s/ Miriam O. Victorian_____
MIRIAM O. VICTORIAN
State Bar No. 20576700
Federal I.D. No. 10469

### CERTIFICATE OF CONFERENCE

I certify I have contacted Plaintiffs' counsel and we cannot agree that this discovery should be abated.

_____/s/ Miriam O. Victorian_____
MIRIAM O. VICTORIAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed, via certified mail, return receipt requested, to the following counsel on this 17$^h$ day of July 2000.

Mr. Anthony Troiani
**LAW OFFICES OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 106
Brownsville, Texas 78520

*Miriam O. Victorian*
_____
MIRIAM O. VICTORIAN



CAUSE NO. _____

| | | |
|---|---|---|
| ALMA TAITAGUE AND BILL TAITAGUE | § § § | IN THE COUNTY COURT |
| VS. | § § § | AT LAW NO. _____ OF |
| ALBERTSON'S, INC. | § § | CAMERON COUNTY, TEXAS |

### PLAINTIFFS' INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO DEFENDANT

TO: **ALBERTSON'S, INC.**, by and through service with Plaintiffs' Original Petition.

The following interrogatories are propounded to Defendant under the provisions of Rule 197 of the Texas Rules of Civil Procedure. Such interrogatories shall be answered separately and fully in writing, in the space provided below, under oath, and be signed by the party providing the answers. (If such space is not sufficient, please answer by attachments, referring thereto in the space provided.)

You are further advised and notified that these interrogatories and your responses to them may be offered in evidence at the time of the trial of this cause.

Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant produce for inspection, examination and copying the items specified below at the Law Office of Anthony Troiani, 700 Paredes Avenue, Suite 106, Brownsville, Texas 78521.

Further, Plaintiff requests Defendant to admit the truth of the attached relevant matters of fact. These requests for admission are made under Rule 198 of the Texas Rules of Civil Procedure, and each of the matters of which an admission is requested shall

1



be deemed admitted unless a sworn statement is delivered to the party or the party's attorney requesting these admissions within fifty (50) days after delivery of these requests, either admitting or denying specifically the matters of which an admission is requested or setting forth in detail the reasons the party cannot truthfully either admit or deny these matters, or a valid objection is asserted.

These discovery requests which are submitted are attached hereto and made a part hereof. You must make a complete response to each discovery request, based on all information available to you and/or your attorney. Further, you must produce all documents and materials that are in the possession, custody or control [as defined in Rule 192.7(b)] of you or your attorney.

Your responses to these discovery requests shall be served within fifty (50) days after the service of the same.

Respectfully submitted.

Law Office of Anthony P. Troiani
700 Paredes Avenue Suite 106
Brownsville, Texas 78520
Tel. (956) 541-4235
Fax. (956) 541-9174

By: _____
Anthony P. Troiani
State Bar No. 00795914

Attorney for Plaintiffs

## INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

**INTERROGATORY NO. 1:** Identify by name, address and telephone number, the person or persons answering these interrogatories and state the capacity or authority of such person or persons to answer these interrogatories.

**ANSWER:**


**INTERROGATORY NO. 2:** State the name, address, and telephone number of each person who is expected to be called to testify at trial.

**ANSWER:**


**INTERROGATORY NO. 3:** If Plaintiff, one of Plaintiff's family members, or anyone representing or otherwise acting on behalf of Plaintiff communicated with Defendant and/or any agent, representative and/or servant of Defendant regarding any matter relevant to any issue in this cause, then please give the following information for each such communication:

    a)    The names, addresses, and telephone numbers of the parties to the communication;
    b)    The date and time of the communication; and
    c)    The contents of the communication.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 1:** Produce any recordings of any communications identified in Interrogatory No. 3.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:** Produce any written communication identified in

Interrogatory No. 3.

**RESPONSE:**


**INTERROGATORY NO. 4:** State in detail how the incident at issue in this lawsuit occurred.

**ANSWER:**


**INTERROGATORY NO. 5:** If you contend that any person other than Defendant (including, but not limited to, Plaintiff) or thing (including, but not limited to, visibility or other defects) caused or contributed to cause the incident at issue in this lawsuit, then fully identify the same completely and describe in detail the manner in which you contend the other person or thing caused or contributed to cause the incident at issue in this lawsuit.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and tangible things that support your answer to Interrogatory No. 5.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:** Produce each photograph, motion picture, video tape recording, map, chart, diagram, measurement, survey, tape recording or other documents, recording or other tangible things which concern the events made the basis of this lawsuit or in any manner relate to damages suffered by any person.

**RESPONSE:**


**INTERROGATORY NO. 6:** Did you or any of your agents or employees render any assistance or support of any kind to Plaintiff Alma Taitague after the alleged incident? If so, describe:

    a)    what kind of assistance or help was given to the Plaintiff(s);

    b)    the name and address of each person rendering assistance;

    c)    whether the person rendering assistance has any special medical or emergency skills or training.

**ANSWER:**

**INTERROGATORY NO. 7:** Give a detailed account of the Plaintiff Alma Taitague's appearance immediately after the alleged incident, describing:

    a)    her physical condition, including any apparent signs of injury, bleeding, bruises, cuts, or abrasions;

    b)    her apparent emotional or mental condition (e.g., whether she was crying, screaming, talking, complaining of pain, requesting help); and

    c)    the appearance of her clothing, indicating whether any part of it was disarranged, torn, dirty or otherwise affected by the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 8:** Were any photographs taken of Plaintiff Alma Taitague's injuries at the time of the alleged incident? If so, state who has custody, control and possession of said photographs?

**ANSWER:**

**INTERROGATORY NO. 9:** Please state whether you or anyone acting on behalf of the Defendant has secured or obtained, or has any knowledge of, any accident report made by the Plaintiffs pertaining in anyway to the alleged incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 5:** Produce any accident report identified in Interrogatory No. 9.

**RESPONSE:**

**INTERROGATORY NO. 10:** If you or any agent or employee of the Defendant received notice of any kind from the Plaintiffs or someone on behalf of the Plaintiffs of the alleged Incident, please give the date of receipt, the method by which notice was given and the substance of such notice.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify each and every employee of Defendant who came into contact with Plaintiffs on May 30, 1999.

**ANSWER:**

**INTERROGATORY NO. 12:** If said individuals identified above in Interrogatory No. 11 are no longer employed with Albertson's, Inc., please provide their last known address and telephone number.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:** Produce a copy of any and all personnel files of employees identified in Interrogatory No. 11.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** If not otherwise contained in their personnel file(s), please produce a true and correct copy of the following documents relating to the individuals identified in response to Interrogatory No. 11:

    a.   Resume and/or Curriculum Vitae;
    b.   Applications for Employment;
    c.   Certifications of Credentials;
    d.   Background Checks;
    e.   Criminal Checks;
    f.   References;

  g. Current Address and Telephone Number;
  h. Forwarding Address;
  i. Employment Contract and/or Agreement;
  j. Evaluations;
  k. Reprimands;
  l. Disciplinary Warnings;
  m. Time Cards;
  n. Time Sheets;
  o. Video Tapes; and
  p. Complaints;

**RESPONSE:**


**INTERROGATORY NO. 13:** Identify the personnel and/or management team responsible for the care, custody or control of Albertson's, Inc. on May 30, 1999.

**ANSWER:**


**INTERROGATORY NO. 14:** If said individuals identified in Interrogatory No. 13 are no longer employed with Albertson's, Inc., please provide their last known address and telephone number.

**ANSWER:**


**INTERROGATORY NO. 15:** Please state whether you or any agent or employee of the Defendant made any examination or inspection of the area where the alleged incident took place just prior to the alleged incident.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 8:** Produce any and all documents, photographs, videotapes and other tangible things you may seek to introduce into evidence at the time of trial of this cause.

**RESPONSE:**



**COPY**

CAUSE NO._____

FILED FOR RECORD
AT_____O'CLOCK___M
MAY 18 2000
JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

| | | |
|---|---|---|
| ALMA TAITAGUE AND BILL TAITAGUE | § § § § | IN THE COUNTY COURT |
| VS. | § § § | AT LAW NO. ____ OF |
| ALBERTSON'S, INC. | § § | CAMERON COUNTY, TEXAS |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

TO:   ALBERTSON'S, INC., by and through service with Plaintiffs' Original Petition.

NOW COMES, **ALMA TAITAGUE** and **BILL TAITAGUE**, by and through their attorney of record, and pursuant to Rule 194 of the Texas Rules of Civil Procedure, requests the Defendant to disclose, within 50 days of the service of this Request, the information described in Rule 194.2 of the Texas Rules of Civil Procedure, more specifically set forth as follows:

1. The correct names of the parties to this lawsuit.

2. The name, address and telephone number of any potential parties.

3. The legal theories and, in general, the factual basis for your claims or defenses in this lawsuit.

4. The name, address and telephone number of each person having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

5. For any testifying expert:

    a.   The expert's name, address and telephone number;



  b.    The subject matter on which the expert will testify;

  c.    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed or otherwise subject to your control, documents reflecting such information;

  d.    If the expert is retained by, employed by, or otherwise subject to your control;

    i.    All documents, tangible things, reports, models, or data compilation that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    ii.    The expert's current resume and bibliography.

6.    All discoverable indemnity and insurance agreements.

7.    All discoverable settlement agreements.

8.    All discoverable witness statements.

            Respectfully submitted,

            Law Office of Anthony P. Troiani
            700 Paredes Avenue Suite 106
            Brownsville, Texas 78520
            Tel. (956) 541-4235
            Fax. (956) 541-9174

            By: _____
            Anthony P. Troiani
            State Bar No. 00795914

            Attorney for Plaintiffs

# THORNTON, SUMMERS, BIECHLIN
# DUNHAM & BROWN, L.C.

### ATTORNEYS AT LAW

**Miriam O. Victorian**

Writer's direct e-mail address:
miriam.victorian@thorntonsummers.com

418 EAST DOVE AVENUE
MCALLEN, TEXAS 78504-2240
(956) 630-3080
FAX (956) 630-0189

AUSTIN

CORPUS CHRISTI

SAN ANTONIO

June 28, 2000

Mr. Anthony Troiani
**LAW OFFICES OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 106
Brownsville, Texas 78520

    RE:   CAUSE NO. 2000-CCL-497-B
            TAITAGUE VS. ALBERTSON'S, INC.
            IN THE COUNTY COURT AT LAW #2
            CAMERON COUNTY, TEXAS
            Our File No: D-28812/3506 MOV

Dear Mr. Troiani:

    Please be advised that we have removed this case to Federal Court. Therefore, the interrogatories, requests for production, and requests for admission which you sent to my client are abated, and do not need to be answered at this time. Should you disagree with my position on this matter, please contact me immediately.

                                    Very truly yours,

                                    **THORNTON, SUMMERS, BIECHLIN,
                                    DUNHAM & BROWN, L.C.**
                                    Rio Grande Valley Office

                                    *Miriam O. Victorian*

MOV:pdv                              MIRIAM O. VICTORIAN



DEFENDANT'S EXHIBIT

# ANTHONY TROIANI

## Attorney at Law - Licenciado

700 Paredes Avenue, Suite 106
Brownsville, Texas 78521
telephone: <956-541-4235>
facsimile: <956-541-9174>

July 13, 2000

<u>VIA CM, RRR 7099 3220 0001 2237 3118</u>
Ms. Miriam O. Victorian
THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.L.C.
418 East Dove Ave.
McAllen, Texas 78504-2240

Re:   **COMPLAINT NO. B-00-099; Notice of Removal Filed June 27, 2000; In the Southern District of Texas, Brownsville Division;**

**CAUSE NO. 2000-CCL-497-B; Alma Taitague, et. al. vs. Albertson's, Inc.; In the County Court at Law No. 2, Cameron County, Texas.**

Dear Ms. Victorian:

Enclosed please find Alma Taitague and Bill Cho Taitague's answers to interrogatories, request for production and request for disclosure. I am in receipt of your correspondence dated June 28, 2000 regarding the abatement of the discovery previously propounded to your client prior to removal to federal court.

Unfortunately, I disagree with your interpretation of the law. It is my position that discovery is due as a proceeding had in such action prior to removal within the meaning of 28 USC 1450. Therefore the answers to interrogatories, requests for production and request for disclosure propounded on your client are not abated, and are to be timely answered.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Anthony P. Troiani

APT:alt
Enclosures



such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

(e) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court.

(f) With respect to any counterclaim removed to a district court pursuant to section 337(c) of the Tariff Act of 1930, the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required in such cases and the counterclaim shall relate back to the date of the original complaint in the proceeding before the International Trade Commission under section 337 of that Act.

Source of §1446: June 25, 1948, ch. 646, 62 Stat. 939; May 24, 1949, ch. 139, §83, 63 Stat. 101; Sept. 29, 1965, Pub. L. 89-215, 79 Stat. 887; July 30, 1977, Pub. L. 95-78, §3, 91 Stat. 321; Nov. 19, 1988, Pub. L. 100-702, title X, §1016(b), 102 Stat. 4669; Dec. 9, 1991, Pub. L. 102-198, §10(a), 105 Stat. 1626; Dec. 8, 1994, Pub. L. 103-465, title III, §321(b)(2), 108 Stat. 4946; Oct. 19, 1996, Pub L. 104-317, title VI, §603, 110 Stat. 3857.

### §1447. Procedure after removal generally

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Source of §1447: June 25, 1948, ch. 646, 62 Stat. 939; May 24, 1949, ch. 139, §84, 63 Stat. 102; July 2, 1964, Pub. L. 88-352, title IX, §901, 78 Stat. 266; Nov. 19, 1988, Pub. L. 100-702, title X, §1016(c), 102 Stat. 4670; Dec. 9, 1991, Pub. L. 102-198, §10(b), 105 Stat. 1626; Oct. 1, 1996, Pub. L. 104-219, §1, 110 Stat. 3022.

### §1448. Process after removal

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

Source of §1448: June 25, 1948, ch. 646, 62 Stat. 940.

### §1449. State court record supplied

Where a party is entitled to copies of the records and proceedings in any suit or prosecution in a State court, to be used in any district court of the United States, and the clerk of such State court, upon demand, and the payment or tender of the legal fees, fails to deliver certified copies, the district court may, on affidavit reciting such facts, direct such record to be supplied by affidavit or otherwise. Thereupon such proceedings, trial, and judgment may be had in such district court, and all such process awarded, as if certified copies had been filed in the district court.

Source of §1449: June 25, 1948, ch. 646, 62 Stat. 940; May 24, 1949, ch. 139, §85, 63 Stat. 102.

### §1450. Attachment or sequestration; securities

Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court.

All bonds, undertakings, or security given by either party in such action prior to its removal shall remain valid and effectual notwithstanding such removal.

All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

Source of §1450: June 25, 1948, ch. 646, 62 Stat. 940.

### §1451. Definitions

For purposes of this chapter—

(1) The term "State court" includes the Superior Court of the District of Columbia.

(2) The term "State" includes the District of Columbia.

Source of §1451: Added Pub. L. 91-358, title I, §172(d)(1), July 29, 1970, 84 Stat. 591.

D-28812/3506     MOV:pdv                    7/17/00

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALMA T. TAITAGUE AND | § | |
| BILL TAITAGUE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-099 |
| | § | |
| ALBERTSON'S, INC. | § | |

## ORDER SETTING HEARING

BE IT REMEMBERED that the Court finds Defendants' Motion for Protection to be well-founded, and having been duly and properly filed and presented; and the Court being of the opinion that said motion should be set for hearing;

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that said motion be and is hereby set for hearing on the _____ day of _____, 2000, at _____ o'clock _.m. in the United States District Court for the Southern District, Brownsville Division.

_____
JUDGE  PRESIDING

cc:   Ms. Miriam O. Victorian, Thornton & Summers, 100 East Savannah, Suite 500 McAllen, Texas 78503

Mr. Anthony Trioani, 700 Paredes Avenue, Suite 106, Brownsville, Texas 78520

D-28812/3506   MOV:pdv               7/17/00

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALMA T. TAITAGUE AND | § | |
| BILL TAITAGUE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-099 |
| | § | |
| ALBERTSON'S, INC. | § | |

## ORDER

BE IT REMEMBERED that Defendant's MOTION FOR PROTECTION came on to be heard and the Court finds the motion to be well-founded, and having been duly and properly filed and presented, and the Court being of the opinion that said motion should be granted;

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that said motion be granted and that this case is hereby set for a docket control conference on the _____ day of _____, 2000, at _____ o'clock _.m.

SIGNED this ____ day of _____, 2000.

_____
JUDGE PRESIDING

cc:   Ms. Miriam O. Victorian, Thornton & Summers, 100 East Savannah, Suite 500 McAllen, Texas 78503

Mr. Anthony Trioani, 700 Paredes Avenue, Suite 106, Brownsville, Texas 78520