Case 1:00-cv-00099   Document 7   Filed in TXSD on 07/24/2000   Page 1 of 59

D-28812/3506    MOV:pdv           7/20/00

United States District Court
Southern District of Texas
FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

**JUL 2 4 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALMA T. TAITAGUE AND | § | |
| BILL TAITAGUE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-099 |
| | § | |
| ALBERTSON'S, INC. | § | |

**DEFENDANT ALBERTSON'S, INC.'S RESPONSE TO
PLAINTIFFS' MOTION TO REMAND**

TO THE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, **ALBERTSON'S, INC.,** the Defendant in the above-entitled and numbered cause of action, and moves this Court to deny Plaintiffs' Motion to Remand, and in response thereto, files the following:

1.    Plaintiff's complain that removal to this Court was improper because this case is based on negligence causes of action.  Basically, Plaintiffs argue that removal to Federal Court is improper in any negligence case because no federal question is involved.  This is incorrect.  Removal of a premise liability case is proper where there is diversity of citizenship and the amount in controversy exceeds $75,000.00.  Such is the case here.  (See *Threlkeld v. Total Petroleum, Inc.,* No. 99-40469, Fifth Circuit Court of Appeal May 5, 2000.)  Removal need not be based on federal question and diversity.  It may be based on diversity alone.

2.   Plaintiffs then complain that substantial discovery has occurred in this case. This is also incorrect. The only discovery which had been exchanged prior to the removal was initial paper discovery. No depositions were taken. No records were subpoenaed. Moreover, Plaintiffs cite a Sixth Circuit Court of Appeals case which is not controlling in this, the Fifth Circuit.

3.   Plaintiffs next complain that Defendant cannot show that the amount in controversy exceeds the $75,000.00 jurisdictional minimum of this Court. Plaintiffs do not attach to their motion their own answers to their discovery. Defendant would refer the Court to the answers recently provided to it by Plaintiffs. (See Exhibit A, B, and C attached hereto and incorporated by reference herein - interrogatory answers of Alma Taitague, interrogatory answer of Bill Taitague, requests for disclosure responses of Alm Taitague and Bill Taitague.) In these discovery answers, Plaintiff, Alma Taitague, alleges injuries to her left shoulder and left ankle. She notes she has had arthoscopic surgery on her left shoulder. She lists no less than16 medical care providers who have treated her for injuries received in this incident. She also alleges special damages of lost wages, in addition to her "soft" damages such as pain and suffering and mental anguish. Certainly, with 16 healthcare providers, Plaintiff, Alma Taitague alone has in excess of $75,000.00 damages in this case.

4.   If Plaintiffs were to enter into an agreed order with Defendant that their damages do not exceed $75,000.00 and they would not exceed a judgment in excess of $75,000.00; then Defendant Albertson's would withdraw their objection to the Motion to Remand.

5.   Defendant Albertson's would also note to the Court that Plaintiffs' counsel did not confer with defense counsel on their motion prior to filing this motion in violation of the Local Rules of the Southern District of Texas. [Local Rule 6(A)(4).]

6.   Wherefore, premises considered Defendant Albertson's moves this Court to deny Plaintiffs' Motion to Remand, and retain this case in federal court.

Respectfully submitted:

**THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.**
418 East Dove
McAllen, Texas 78504
(956) 630-3080 Telephone
(956) 630-0189 Facsimile

BY: _Miriam O. Victorian_
MIRIAM O. VICTORIAN
State Bar No. 20576700
Federal I.D. No. 10469

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been

mailed, via certified mail, return receipt requested, to the following counsel on this

20th  day of July  2000.

Mr. Anthony Troiani
**LAW OFFICES OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 106
Brownsville, Texas 78520

*Miriam O. Victorian*

MIRIAM O. VICTORIAN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION
#### (PURSUANT TO NOTICE OF REMOVAL FILED ON JUNE 27, 2000)

| | | |
|---|---|---|
| ALMA TAITAGUE and BILL TAITAGUE | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-099 |
| | § | |
| | § | |
| ALBERTSON'S, INC. | § | |

*28312*

****************************************************

## CAUSE NO.  2000-CCL-497-B

| | | |
|---|---|---|
| ALMA TAITAGUE AND | § | IN THE COUNTY COURT |
| BILL TAITAGUE | § | |
| | § | |
| VS. | § | AT LAW NO. 2 OF |
| | § | |
| | § | |
| ALBERTSON'S, INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF ALMA TAITAGUE'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

NOW COMES, **ALMA TAITAGUE,** by and through her attorney of record, and

pursuant to Rule 197 of the Texas Rules of Civil Procedure answers Defendant,

**ALBERTSON'S, INC.'S** First Set of Interrogatories.



Respectfully submitted.

Law Office of Anthony P. Troiani
700 Paredes Avenue Suite 106
Brownsville, Texas 78520
Tel. (956) 541-4235
Fax. (956) 541-9174

By: _____
      Anthony P. Troiani
      State Bar No. 00795914

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Anthony Troiani, do hereby certify that a true and correct copy of the following instrument has been sent to Defendant's attorney on July 13 , 2000 in accordance with FRCP 5:

Ms. Miriam O. Victorian
THORNTON, SUMMERS, BIECHLIN,
    DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504-2240

_____
ANTHONY TROIANI

## ANSWERS AND OBJECTIONS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Give the following background information: your full name and any other names by which you have been known; your driver's license number and state of issuance; your social security number; your date and place of birth; your spouse's name and date of such marriage; the current address of any other person to whom you have ever been married and date the marriage ended; and the name, age and current address of any children.

### ANSWER:

| | |
|---|---|
| **Name:** | **Alma L. Taitague (does not have a middle initial T)** |
| **Maiden Name:** | **Alma L. Colmenares** |
| **D.L. #:** | **Texas 10500232** |
| **S.S.#:** | **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** |
| **Date/Place of Birth:** | **01-19-63, McAllen, Texas** |
| **Spouse:** | **Bill Cho Taitague** |
| **DOM:** | **August 6, 1995** |
| **Children:** | **None** |
| **Marriages:** | **No previous marriages.** |

### INTERROGATORY NO. 2:

Identify all persons who may have knowledge of relevant facts concerning the incident made the basis of this suit, including but not limited to persons with direct or indirect knowledge of the circumstances surrounding said incident or any damages sustained or claimed to have been sustained by Plaintiff as a result of said incident. This list is not limited to witnesses who will testify on Plaintiffs' behalf at trial, but necessarily includes each such witness. It is the position of this Defendant that any witness who is called to testify in this case will have to be identified in the answer to this Interrogatory, and Defendant will object to anyone attempting to testify who is not identified in said answer.

### ANSWER:

Objection: Same information already provided. A party may object if the information has already been provided in response to other discovery in another form. See *Sears, Roebuck & Co., v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1992).

Subject to and without waiving the above objection, Plaintiff answers as follows:

Alma Taitague
1300 Squaw Valley Drive, Unit B
Brownsville, Texas 78520
(956) 350-4127
    *Plaintiff has personal knowledge of the incident made the basis of this lawsuit.*

Bill Taitague
1300 Squaw Valley Drive, Unit B
Brownsville, Texas 78520
(956) 350-4127
    *Plaintiff has personal knowledge of the incident made the basis of this lawsuit.*

Dr. Enrique Griego and his
Custodian of Records
1002 W. Sam Houston, Ste. 4
Pharr, Texas 78577
(956) 787-8855
    *Plaintiff Alma Taitague's primary physician after the incident. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

Sam Houston X-Rays and its
Custodian of Records
1002 W. Sam Houston
Pharr, Texas 78577
(956) 781-5350
    *Facility who took the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area after the incident. They will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

Dr. Allan Kapilivsky and his
Custodian of Records
1001 S. 10th St., Ste. 6294
McAllen, Texas 78501
(800) 771-4460
    *Radiologist who interpreted the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

Industrial Mobility Rehabiliation Center
and its Custodian of Records
44 W. Jefferson, Ste. A
Brownsville, Texas 78520

(956) 504-0810

*Facility where Plaintiff Alma Taitague underwent physical therapy after the incident in question. The center will testify as to Mrs. Taitague's medical condition, and the care and therapy she received and the reasonableness of the center's medical fees.*

**Rio Grande Valley Imaging Center
and its Custodian of Records
501-B Ed Carey Drive
Harlingen, Texas 78550
(956) 440-8900**

*Facility where Plaintiff Alma Taitague's MRI was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Dee L. Martinez and his
Custodian of Records
904 N. Ewing
Dallas, Texas 75203
(214) 941-8901**

*Radiologist who interpreted the MRI taken of Plaintiff Alma Taitague's left shoulder area. He will testify as to Mrs. Taitague's medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Brownsville Medical Center and
its Custodian of Records
1040 W. Jefferson
Brownsville, Texas 78520
(956) 544-1400**

*Hospital where various x-rays were taken and an arthrogram was performed. The Hospital will testify as to her medical condition, the care and treatment she received, and the reasonableness of its fees.*

**Dr. James Key and his
Custodian of Records
800 W. Jefferson, Suite 200
Brownsville, Texas 78520
(956) 982-8822**

*Board Certified Orthopedic surgeon who treated Plaintiff Alma Taitague for her left shoulder injury. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Dr. Ples L. Kujawa and his
Custodian of Records
8800 Village Drive, Suite 101**

San Antonio, Texas 78217
(210) 599-8110

     *Dr. Kujawa is a Board Certified Orthopedic surgeon who performed the arthroscopy surgery on Plaintiff Alma Taitague's left shoulder. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Northeast Methodist Ambulatory Surgery Center**
**and its Custodian of Records**
**12702 IH-35 North**
**San Antonio, Texas 78233**
**(800) 223-9899**

     *Facility where Plaintiff Alma Taitague's arthroscopy surgery was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Gary Keener and his**
**Custodian of Records**
**Star Anesthesia, P.A.**
**P. O. Box 659**
**San Antonio, Texas 78293-0659**
**(210) 375-7780**

     *Dr. Keener was the anesthesiologist who administered to Plaintiff during the arthroscopy of the left shoulder. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. Anant K. Utturkar and his**
**Custodian of Records**
**2390 Central Blvd., Suite Y**
**Brownsville, Texas 78520-8717**
**(800) 203-4715**

     *Radiologist who performed the arthrogram on Plaintiff Alma Taitague's left shoulder. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. William McKinney and**
**his Custodian of Records**
**820 W. Price Road, Suite A**
**Brownsville, Texas 78521**
**(800) 262-8848**

     *Radiologist who interpreted and/or took chest x-rays of Plaintiff Alma Taitague for preoperative purposes. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

Dr. L. Stacy Mitchell and his
Custodian of Records
Southern Orthopaedics
4302 S. Sugar Road, Suite 209
Edinburg, Texas 78539
(956) 383-5550

*Dr. Mitchell was seen for a second opinion. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

OrthoLogic and its
Custodian of Records
1275 West Washington Street
Tempe, Arizona 85281-1210
(800) 937-5520

*Medical equipment facility that provided the physical therapy equipment for rehabilitation after the surgery to Plaintiff Alma Taitague's left shoulder. The Facility will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

EBI Medical Systems, Inc. and its
Custodian of Records
100 Interspace Parkway
Parsippany, New Jersey 07054-1079
(800) 526-2579

*Facility which provided cold pack medical products to Plaintiff Alma Taitague after surgery to her left shoulder. The Facility will testify as to her medical condition, the care and treatment she received and the reasonablenss of its medical fees.*

## INTERROGATORY NO. 3:

If you have any knowledge, either directly or indirectly, of any admission of any kind made by this Defendant, their agents, representatives or employees which might be relevant in any way in this lawsuit, state the nature of each such admission, identify the person who made such admission, state the time and place where such admission was made, and identify each person who heard or may have been in a position to hear such admission.

## ANSWER:

None.

## INTERROGATORY NO. 4:

Identify every physician, psychiatrist, psychologist, therapist, counselor, hospital, clinic and any other health care provider you have seen in the last ten (10) years as a patient or an

outpatient for rehabilitation, examination, treatment or evaluation.

**ANSWER:**

*Objection:    Not relevant.    The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection.  Not relevant or will not lead to admissible evidence.  A party may object to a discovery request that asks for information that is not relevant or that will not lead to admissible evidence.  TRCP 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**Valley Baptist Medical Ctr. for a CT scan due to severe headaches.**

**Sunrise Chiropractic for relief from severe headaches due to stress and tension.**

**Brownsville Medical Center for severe headaches, lab work, x-rays, arthrogram, and  pre-operative tests for left shoulder injury.**

**Columbia Valley Regional Medical Center for treatment for left ankle injury and torn ligaments to said ankle.**

**Dr. Ricardo Adobbati for treatment of left ankle injury and torn ligaments. Also attended physical therapy.**

**Dr. Charles Zavala for treatment due to bronchial infection due to bronchitis. Referred by Dr. Lenz.**

**Dr. Kim Cockins, Cardiologist for evaluation of respiratory problems due to bronchitis.**

**Dr. Paul Lenz for treatment due to high blood pressure, broncial pneumonia and colds.**

**Additionally, this list does not include any and all medical providers who treated Plaintiff Alma Taitague due to the injuries caused as a result of the incident made the basis of this suit.**

**INTERROGATORY NO.  5:**

Describe in detail any medical, psychological, rehabilitative or other health care treatment that you have received since the incident made the basis of this suit due to any injury or illness, whether or not related to said incident, including reasons for such treatment, names and address of the providers of such treatment, dates of such treatment (including any

admit and discharge dates), and any operations/surgeries you have undergone.

**ANSWER:**

*Objection: Not relevant.   The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence.  Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**Dr. Enrique Griego**
**1002 W. Sam Houston, Ste. 4**
**Pharr, Texas 78577**
*Dates of Service: 06/01/99 to Present - Treating physician for high blood pressure, allergies, bronchitis, left shoulder and left ankle injury.*

**Sam Houston X-Rays**
**1002 W. Sam Houston**
**Pharr, Texas 78577**
**(956) 781-5350**
*Dates of Service: 06/01/99 - Facility who took the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area after the incident.  They will testify as to her medical condition, the care and treatment.*

**Dr. Allan Kapilivsky**
**1001 S. 10th St., Ste. 6294**
**McAllen, Texas 78501**
**(800) 771-4460**
*Dates of Service: 06/07/99 - Radiologist who interpreted the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area.*

**Industrial Mobility Rehabiliation Center**
**44 W. Jefferson, Ste. A**
**Brownsville, Texas 78520**
**(956) 504-0810**
*Dates of Service: 06/10/99 to 07/09/99 - Facility where Plaintiff Alma Taitague underwent physical therapy after the incident in question.*

**Rio Grande Valley Imaging Center**
**501-B Ed Carey Drive**
**Harlingen, Texas 78550**
**(956) 440-8900**
*Dates of Service: 07/22/99 - Facility where Plaintiff Alma Taitague's MRI was performed.*

**Dr. Dee L. Martinez**
**904 N. Ewing**
**Dallas, Texas 75203**
**(214) 941-8901**
*Dates of Service: 07/22/99 - Radiologist who interpreted the MRI taken of*
*Plaintiff Alma Taitague's left shoulder area.*

**Brownsville Medical Center**
**1040 W. Jefferson**
**Brownsville, Texas 78520**
**(956) 544-1400**
*Dates of Service: 12/07/99 & 02/28/00 - Hospital where various x-rays were*
*taken and the arthrogram was performed.*

**Dr. James Key**
**800 W. Jefferson, Suite 200**
**Brownsville, Texas 78520**
**(956) 982-8822**
*Dates of Service: 08/05/99 to 01/19/00 - Board Certified Orthopedic surgeon*
*who treated Mrs. Taitague for her left shoulder injury.*

**Dr. Ples L. Kujawa**
**8800 Village Drive, Suite 101**
**San Antonio, Texas 78217**
**(210) 599-8110**
*Dates of Service:  01/28/00 to present - Dr. Kujawa is an orthopedic surgeon*
*who treated and performed the outpatient arthroscopy surgery on Plaintiff*
*Alma Taitague's left shoulder.*

**Northeast Methodist Ambulatory Surgery Center**
**12702 IH-35 North**
**San Antonio, Texas 78233**
**(800)223-9899**
*Dates of Service: 03/09/00 - Outpatient surgical center where the arthroscopy*
*surgery on Plaintiff Alma Taitague's left shoulder was performed.*

**Dr. Gary Keener**
**Star Anesthesia, P.A.**
**P. O. Box 659**
**San Antonio, Texas 78293-0659**
**(210) 375-7780**
*Dates of Service: 03/09/00 - Dr. Keener was the anesthesiologist who*
*administered the anesthesia and/or medications during the arthroscopy of*
*Plaintiff Alma Taitague's left shoulder.*

**Dr. Anant K. Utturkar**
**2390 Central Blvd., Suite Y**
**Brownsville, Texas 78520-8717**
**(800) 203-4715**
*Dates of Service: 12/07/99 - Radiologist who performed the arthrogram on Plaintiff Alma Taitague's left shoulder.*

**Dr. William McKinney**
**his Custodian of Records**
**820 W. Price Road, Suite A**
**Brownsville, Texas 78521**
**(800) 262-8848**
*Dates of Service: 02/28/00 - Radiologist who interpreted and/or took chest x-rays of Plaintiff Alma Taitague for preoperative purposes.*

**Dr. L. Stacy Mitchell**
**Southern Orthopaedics**
**4302 S. Sugar Road, Suite 209**
**Edinburg, Texas 78539**
**(956) 383-5550**
*Dates of Service: 01/19/00 - Doctor seen for a second opinion of Plaintiff Alma Taitague's left shoulder.*

**OrthoLogic**
**1275 West Washington Street**
**Tempe, Arizona 85281-1210**
**(800) 937-5520**
*Dates of Service: 03/10/00 - Facility who provided the physical therapy equipment after surgery to left shoulder.*

**EBI Medical Systems, Inc.**
**100 Interspace Parkway**
**Parsippany, New Jersey 07054-1079**
**(800) 526-2579**
*Dates of Service: 03/09/00 - Facility who provided cold pack materials after the surgery to left shoulder.*

## INTERROGATORY NO. 6:

If you have made a claim or written complaint for personal injuries, worker's compensation or medical benefits of any kind against a person, entity or insurance company before or after the date of the incident made the basis of this suit, describe each such claim in detail.

ANSWER:

*Objection: Not relevant.   The discovery request asks for irrelevant*

*information.  FRCP 26(b)(1);*

*Objection:  This discovery request seeks information which is not relevant or will not lead to admissible evidence.  Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**None.**

## INTERROGATORY NO. 7:

If you have been involved in litigation of any kind, either before or after the date of the incident made the basis of this suit, state the nature and style of each suit, including the county and state of the court, the outcome of each suit, and the name of each attorney who represented you.

## ANSWER:

*Objection:  Not relevant.   The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection:  This discovery request seeks information which is not relevant or will not lead to admissible evidence.  Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**None.**

## INTERROGATORY NO.  8:

List any economic or financial losses, other than medical expenses, which you claim to have sustained as a result of the incident made the basis of this suit by stating the exact nature of each loss, the reason you contend such loss resulted from said incident and the amount of money you attribute to each such loss.

## ANSWER:

**Objection: Same information already provided.  Defendant's request for disclosure seeks information pertaining to economic damages.  A party may object if the information has already been provided in response to other discovery in another form.  See *Sears, Roebuck & Co., v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1992);**

**Subject to and without waiving the objection, Plaintiff answers as follows:**

**Discovery has not been completed in this case and the economic damages**

have not been completely determined at this time. Therefore, Plaintiff reserves the right to supplement this answer.

Currently, Mrs. Taitague's special damages include her medical expenses, lost wages, and travel expenses.

## INTERROGATORY NO. 9:

State any economic losses or expenses you expect to incur in the future, if any, as a result of the incident made the basis of this suit and the amount of money you reasonably anticipate will be lost.

## ANSWER:

*Objection: Not reasonably available. A party is not required to produce information, at the time the response is made, is not reasonably available to the responding party or its attorney. TRCP 193.1.*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

*Plaintiff is still under Dr. Kujawa's care and has not been released at this time. The amount of future economic loss has not been determined at this time.*

## INTERROGATORY NO. 10:

State your educational background.

## ANSWER:

*Objection: Not relevant. The discovery request asks for irrelevant information. FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence. Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

South Texas Vo-Tech
McAllen, Texas 78501
Bilingual Secretary.

Pharr-San Juan-Alamo High School
Pharr, Texas 78577
Graduated in 1981.

## INTERROGATORY NO. 11:

State each residence you have had in the past ten (10) years and who resided with you at each such address.

## ANSWER:

*Objection: Not relevant.   The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence.  Tex. R. Civ. P. 192.3(a).*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

**1300 Squaw Valley Drive, Unit B
Brownsville, Texas 78520
1 ½ year with husband, Bill Taitague**

**3026 Old Hwy. 77, Apt. 908-2
Brownsville, Texas 78520
3 years 3 months with husband, Bill Taitague**

**3508 Warwick Glen
Brownsville, Texas 78520
3 mos. with husband, Bill Taitague**

**805 Douglas
Pharr, Texas 78577
Five years with Parents.**

## INTERROGATORY NO. 12:

Identify each of your employers for the past ten (10) years and include your title or position, supervisor's name and salary or wages for each such employment, including any self-employment.

## ANSWER:

*Objection: Not relevant.   The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence.  Tex. R. Civ. P. 192.3(a).*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

Anthony P. Troiani
LAW OFFICE OF ANTHONY TROIANI
700 Paredes Avenue, Suite 106
Brownsville, Texas 78521
(956) 541-4235
02/99 to Present
Title:  Legal Secretary/Assistant
Supervisor: Anthony P. Troiani

PEREZ & URBIS
1335 Palm Blvd.
Brownsville, Texas 78520
(956) 504-5403
07/97 to 06/98
Title: Legal Secretary
Supervisor: Brenda/Frank Perez

Hirsch, Sheiness & Garcia, L.L.P.
formerly located in Brownsville, Texas
08/95 to 06/97
Title: Legal Assistant
Supervisor: Cindy Garcia

Thornton, Summers, Biechlin, Dunham & Brown, L.L.C.
One Park Place, Suite 500
100 E. Savannah
McAllen, Texas 78503
(956) 682-3080
04/93 to 07/95
Title: Legal Secretary/Assistant
Supervisor: Glenda Bryson

Law Office of Patricia Alvarez
One Park Place
100 E. Savannah
McAllen, Texas 78503
Title: Legal Secretary
Supervisor: Patricia Alvarez

Dale & Klein
6301 N. 10th St.
McAllen, Texas 78501
(956) 687-8700
01/92 to 04/93
Title: Word Processor/Legal Secretary
Supervisor: Margaret

## INTERROGATORY NO. 13:

If you contend that any act or omission of this Defendant constitutes negligence and was a direct and/or proximate cause of the injuries or damages sustained by you, please state the nature and extent of such act or omission and the date, time and place each act or omission occurred.

## ANSWER:

*OBJECTION: The request is overly broad and not in compliance with the rule requiring specific requests. See Tex. R. Civ. P. 197.2 & cmt 1., Interrogatories that ask a party to state all legal and factual assertions are improper. Tex. R. Civ. P. 192.3 makes party's legal and factual contentions discoverable but does not require more than basis statement of those contention and does not require a marshaling of evidence.*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

**See Plaintiffs' Original Petition and her responses to Defendant's Request for Disclosure.**

## INTERROGATORY NO. 14:

If you have been or are now being paid any type of compensation or disability benefits, including unemployment or social security, by the United States, State of Texas or any other governmental entity or agency, state the reason, amount and date of each such payment.

## ANSWER:

*Objection: Not relevant.   The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence.  Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving said objections, Plaintiff answers as follows:*

**None.**

## INTERROGATORY NO. 15:

If you have ever been convicted of, arrested for, charged with or accused of any crime other than minor traffic violations (DWI is not considered a minor traffic violation), state the nature, date, place and disposition of each such conviction, arrest, charge or accusation.

**ANSWER:**

*Objection: Not relevant. The discovery request asks for irrelevant information. FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence. Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

**None.**

**INTERROGATORY NO. 16:**

Identify and describe any settlement agreement that your attorney have made with any party to this lawsuit or any person or entity you have agreed not to sue, including but not limited to any "Mary Carter" agreements.

**ANSWER:**

**None.**

**INTERROGATORY NO. 17:**

Do you have any photographs, videotapes or x-rays that depict the your alleged injuries, or that otherwise constitute or contain, or are reasonably calculated to lead to the discovery of, material evidence? If so, please state the total number of such photographs, videotapes and x-rays, the subject matter of each such photograph, videotape and x-ray, the date taken, the name and address of the photographer, videographer, radiologist, or doctor, and the name and address of the person or entity who presently has control, custody or possession of the photographs and videotapes.

**ANSWER:**

*Objection: Not reasonably available. A party is not required to produce information, at the time the response is made, is not reasonably available to the responding party or its attorney. TRCP 193.1.*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

**Defendant has custody, control or possession of photographs of the injury to Plaintiff Alma Taitague's left ankle and also the shoes she was wearing at the time of the incident. Additionally, there is a surveillance camera in the area where the incident occurred. Furthermore, the following treating physicians are in possession, custody or control of any and all x-rays:**

**Brownsville Medical Center**
**1040 W. Jefferson**
**Brownsville, Texas 78520**
**(956) 544-1400**

**Dr. James Key and his**
**Custodian of Records**
**800 W. Jefferson, Suite 200**
**Brownsville, Texas 78520**
**(956) 982-8822**

**Dr. Ples L. Kujawa and his**
**Custodian of Records**
**8800 Village Drive, Suite 101**
**San Antonio, Texas 78217**
**(210) 599-8110**

**Rio Grande Valley Imaging Center**
**and its Custodian of Records**
**501-B Ed Carey Drive**
**Harlingen, Texas 78550**
**(956) 440-8900**

## INTERROGATORY NO. 18:

Who were your employer on May 30, 1999 when this accident occurred?

## ANSWER:

**Anthony P. Troiani**
**LAW OFFICE OF ANTHONY TROIANI**
**700 Paredes Avenue, Suite 106**
**Brownsville, Texas 78521**
**(956) 541-4235**

## INTERROGATORY NO. 19:

State the exact location where the slip and fall occurred.

## ANSWER:

**The slip and fall occurred in the produce section in the center aisles where the lemons and/or limes were located.**

## INTERROGATORY NO. 20:

State what clothes you were wearing on the date in question, including your footwear/shoes.

## ANSWER:

I was wearing a black & white jersey knit dress with black sandals.

CVISPDF - www.fasoia.com

STATE OF TEXAS

COUNTY OF _Cameron_

BEFORE me, the undersigned authority, on this day personally

appeared ALMA TAITAGUE, known to me to be the person whose name is subscribed to

the foregoing instrument, who after being duly sworn and deposed, says that the above and

foregoing answers to Interrogatories are true and correct.


ALMA TAITAGUE


SUBSCRIBED AND SWORN TO BEFORE ME by the said ALMA TAITAGUE on this

the _13th_ day of _July_, 2000.

ISAURO G. FARIAS
Notary Public. State of Texas
My Commission Expires
February 06, 2003

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION
(PURSUANT TO NOTICE OF REMOVAL FILED ON JUNE 27, 2000)

ALMA TAITAGUE and BILL TAITAGUE     §
      §
      §
VS.                                   §      CIVIL ACTION NO. B-00-099
      §
      §
ALBERTSON'S, INC.                  §

************************************************

CAUSE NO.  2000-CCL-497-B

ALMA TAITAGUE AND         §      IN THE COUNTY COURT
BILL TAITAGUE                §
      §
VS.                                  §      AT LAW NO. 2 OF
      §
      §
ALBERTSON'S, INC.                  §      CAMERON COUNTY, TEXAS

## PLAINTIFF BILL TAITAGUE'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

NOW COMES, **BILL TAITAGUE,** by and through his attorney of record, and

pursuant to Rule 197 of the Texas Rules of Civil Procedure answers Defendant,

**ALBERTSON'S, INC.'S** First Set of Interrogatories.


EXHIBIT
B

Respectfully submitted.

Law Office of Anthony P. Troiani
700 Paredes Avenue Suite 106
Brownsville, Texas 78520
Tel. (956) 541-4235
Fax. (956) 541-9174

By: _____
     Anthony P. Troiani
     State Bar No. 00795914

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Anthony Troiani, do hereby certify that a true and correct copy of the following instrument has been sent to Defendant's attorney on July 13, 2000 in accordance with FRCP 5:

Ms. Miriam O. Victorian
THORNTON, SUMMERS, BIECHLIN,
    DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504-2240

_____
ANTHONY TROIANI

# ANSWERS AND OBJECTIONS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1:

Give the following background information: your full name and any other names by which you have been known; your driver's license number and state of issuance; your social security number; your date and place of birth; your spouse's name and date of such marriage; the current address of any other person to whom you have ever been married and date the marriage ended; and the name, age and current address of any children.

## ANSWER:

| | |
|---|---|
| **Name:** | **Bill Cho Taitague** |
| | **1300 Squaw Valley Drive, Unit B** |
| | **Brownsville, Texas 78520** |
| **D.L. #:** | **Texas 10379594** |
| **S.S.#:** | **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** |
| **Date/Place of Birth:** | **08-17-64, Taipei, Taiwan** |
| **Spouse:** | **Alma Taitague** |
| **DOM:** | **August 6, 1995** |
| **Marriages:** | **One previous marriage to Shelly Wu.** |
| **Children:** | **None.** |

## INTERROGATORY NO. 2:

Please state the name, date of birth and present address of all children you and your present spouse have by this marriage.

## ANSWER:

None.

## INTERROGATORY NO. 3:

If you have been married previously, either ceremonially or by common law, please state the name and last known address of your former spouse; the respective dates of marriage; the reasons for termination of that marriage; and the name, date of birth and address of all children of that marriage.

## ANSWER:

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence.    FRCP 26(b)(1); Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

*Shelly Wu*
*Address unknown*
*No children*

## INTERROGATORY NO. 4:

Have you ever made a claim for loss of consortium other than for the alleged occurrence made the basis of this lawsuit? If so, please state to whom you were married, the injuries you suffered which caused you to make a claim, the case style and cause number if a lawsuit was the final outcome of your claim.

## ANSWER:

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence. FRCP 26(b)(1); Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

*None.*

## INTERROGATORY NO. 5:

Prior to the alleged occurrence made the basis of this lawsuit, had you and/or your spouse been seen by or treated by any medical professional or any other counselor trained in marriage, sexual or emotional counseling? If so, please state the name, address, the respective dates, all diagnosis and prognosis made, and the reason for consultation.

## ANSWER:

**No.**

## INTERROGATORY NO. 6:

Have you ever been seen or treated by any medical professional or any person with expertise in the field of guidance, counseling, therapy of any other professional field for any alleged damages and/or injuries you claim as a result of the alleged occurrence? If you answer in the affirmative, please state their name, address, the respective dates you were seen by them and their diagnosis.

ANSWER:

**No.**

## INTERROGATORY NO. 7:

Has any medical professional or any person with expertise in the field of guidance, counseling, therapy of any professional field advised you that your spouse's accident was a contributing factor to your alleged impairment of your marital relationship? If yes, list each person who so advised you, their address, telephone number and whether they have furnished you any kind of written report.

## ANSWER:

No.

## INTERROGATORY NO. 8:

Please state in complete detail all facts upon which you make this claim that you have suffered loss of companionship and society of your spouse as a result of the alleged occurrence.

## ANSWER:

*Objection: Overly broad request for information. The discovery request is overly broad, i.e., it is unduly burdensome or inquiries into matters that go beyond what is relevant to the case. FRCP 26(b)(1)-(2);*

*Objection: The request is overly broad and not in compliance with the rule requiring specific requests. See Tex. R. Civ. P. 197.2 & cmt 1., Interrogatories that ask a party to state all legal and factual assertions are improper. Tex. R. Civ. P. 192.3 makes party's legal and factual contentions discoverable but does not require more than basis statement of those contention and does not require a marshaling of evidence.*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

**We don't socialize with our friends as much due to my wife's shoulder injury and the pain she constantly experiences. When she's in pain, she has to take her medication and rest. She doesn't feel comfortable being with friends when she's in pain because she can't enjoy herself like she used to.**

## INTERROGATORY NO. 9:

Please state in complete detail all facts upon which you base your claim that you have suffered loss of affection of your spouse as a result of the alleged occurrence.

## ANSWER:

*Objection: Unduly burdensome. The discovery request places a burden or*

*expense on the party that outweighs its likely benefit. A court weighing those burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the case. FRCP 26(b)(2)(ii)*

*Overly broad request for information. The discovery request is overly broad, i.e., it is unduly burdensome or inquiries into matters that go beyond what is relevant to the case. FRCP 26(b)(1)-(2);*

*Objection: The request is overly broad and not in compliance with the rule requiring specific requests. See Tex. R. Civ. P. 197.2 & cmt 1., Interrogatories that ask a party to state all legal and factual assertions are improper. Tex. R. Civ. P. 192.3 makes party's legal and factual contentions discoverable but does not require more than basis statement of those contention and does not require a marshaling of evidence.*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

**Before the incident, my wife and I used to be very close. We had a very loving relationship. Our sexual relationship was very good. However, since the accident, she has been in too much pain to want to be close. She is afraid of my hurting her shoulder. Additionally, due to the pain, she tires easily and gets irritated due to the pain. Also, after her surgery, we slept apart because we were afraid that I would hurt her while turning in my sleep. The first month after surgery, she had to sleep either in the recliner or the loveseat because she had to keep her shoulder elevated on a pillow. After that she slept in the guest bedroom for about another month. After that she came back to our bed but slept on the left side of the bed with her shoulder away from me in case I turned during the night and accidently bumped her shoulder. At that time, she had to sleep on her right side or her back. She could not put any pressure on her left side due to her shoulder. She still has difficulty sleeping on her left side due to the pain in her shoulder.**

## INTERROGATORY NO. 10:

Please state in complete detail all facts upon which you base your claim that you have suffered a loss of your spouse's services and assistance as a result of the alleged occurrence.

ANSWER:

*Objection: Unduly burdensome. The discovery request places a burden or expense on the party that outweighs its likely benefit. A court weighing those burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at*

*stake in the litigation, and the importance of the proposed discovery in resolving the case. FRCP 26(b)(2)(ii)*

*Overly broad request for information. The discovery request is overly broad, i.e., it is unduly burdensome or inquiries into matters that go beyond what is relevant to the case. FRCP 26(b)(1)-(2);*

*Objection: The request is overly broad and not in compliance with the rule requiring specific requests. See Tex. R. Civ. P. 197.2 & cmt 1., Interrogatories that ask a party to state all legal and factual assertions are improper. Tex. R. Civ. P. 192.3 makes party's legal and factual contentions discoverable but does not require more than basis statement of those contention and does not require a marshaling of evidence.*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

**My wife took care of most of the household duties before the incident. She used to be able to sweep and mop the floors, rearrange furniture, vacuum the rug, wash dishes and wash clothes.  Since the incident, I have had to undertake the majority of the household duties such as sweeping, mopping, vacuuming, cooking, washing clothes and sometimes washing dishes. She can no longer sweep or mop because the movement aggravates her shoulder. She can no longer rearrange furniture because the furniture is too heavy and she can't lift anything over 5 lbs.  She washes dishes, but she can't lift the heavy pots to wash them so I have to do that.  She can longer carry the dirty clothes hamper to wash clothes because it is too heavy.  I carry that for her. She can't reach overhead such as to clean ceiling fans or reach towards cabinets and/or shelves because she has difficulty reaching overhead.**

## INTERROGATORY NO. 11:

Please state in complete detail any and all differences in the patterns of emotional interaction between you and your spouse as a result of the alleged occurrence.

## ANSWER:

*OBJECTIONS: Unduly burdensome.  The discovery request places a burden or expense on the party that outweighs its likely benefit.  A court weighing those burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the case. FRCP 26(b)(2)(ii)*

*Overly broad request for information. The discovery request is overly broad, i.e., it is unduly burdensome or inquiries into matters that go beyond what is relevant to the case. FRCP 26(b)(1)-(2);*

*Objection: The request is overly broad and not in compliance with the rule requiring specific requests. See Tex. R. Civ. P. 197.2 & cmt 1., Interrogatories that ask a party to state all legal and factual assertions are improper. Tex. R. Civ. P. 192.3 makes party's legal and factual contentions discoverable but does not require more than basis statement of those contention and does not require a marshaling of evidence.*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

**As a result of the accident and the pain in her shoulder, my wife is easily aggravated at the slightest thing. She gets frustrated because she can't do the things she used to do. She sometimes gets depressed and emotional because she wishes she could be pain free and that she could have full use of her shoulder like she used to have before the incident.**

## INTERROGATORY NO. 12:

Please state whether there is any activity in which you and your spouse participated together before the alleged occurrence which you now claim has been limited or terminated because of the alleged occurrence. (Including in your answer a description of the activity, to what extent the activity is limited and the amount of increase/decrease in the activity frequency.

## ANSWER:

*Objections: Unduly burdensome. The discovery request places a burden or expense on the party that outweighs its likely benefit. A court weighing those burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the case. FRCP 26(b)(2)(ii)*

*Overly broad request for information. The discovery request is overly broad, i.e., it is unduly burdensome or inquiries into matters that go beyond what is relevant to the case. FRCP 26(b)(1)-(2);*

*Objection: The request is overly broad and not in compliance with the rule requiring specific requests. See Tex. R. Civ. P. 197.2 & cmt 1., Interrogatories that ask a party to state all legal and factual assertions are improper. Tex. R. Civ. P. 192.3 makes party's legal and factual contentions discoverable but does not require more than basis statement of those contention and does not require a marshaling of evidence.*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

**We used get together with friends for barbeques. Because of the pain she**

experiences in her shoulder, she doesn't feel like socializing much. We used to bowl and play pool. Since the accident, due to the pain in her shoulder, we don't bowl or play pool anymore. We still try to get together with friends for barbeques but it doesn't happen as often as it used to.

## INTERROGATORY NO. 13:

Prior to and/or subsequent to the alleged occurrence, had you or your spouse made use of a cleaning person, maid, babysitter, maintenance worker, handyman, gardener or other domestic worker? If so, please state their name, address, inclusive dates of employment, rate of pay and detailed description of their duties.

## ANSWER:

No.

## INTERROGATORY NO. 14:

If you have been separated from your spouse at any time from the date of your marriage to the alleged occurrence, please state the dates and reasons for such separations, whether a divorce, separate support or similar action was commenced and whether there was a reconciliation.

## ANSWER:

No.

## INTERROGATORY NO. 15:

With regard to the claims asserted for damages, please itemize each element of damages for which you are suing, and state in dollars and cents the amount of money you are suing for each.

## ANSWER:

Plaintiff will supplement.

## INTERROGATORY NO. 16:

Please identify all photographs, motion pictures, video T.V. recordings, maps, drawings, charts, diagrams, measurements, surveys, recorded statements or other documents concerning the events and happenings made the basis of this lawsuit, the scene of the accident, or the area, persons, or objects involved, either made before, at the time of, or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**ANSWER:**

*Objection: Not reasonably available. A party is not required to produce information, at the time the response is made, is not reasonably available to the responding party or its attorney. TRCP 193.1.*

*Subject to the above objection, Plaintiff answers as follows:*

**None in Plaintiff's possession. However, Defendant should have photographs of my wife Alma Taitague's left ankle injury at the time of the incident in question. Additionally, Defendant should also have photographs of the sandals my wife was wearing at the time of the incident.**

**Plaintiff reserves the right to supplement this response.**

**INTERROGATORY NO. 17:**

State whether or not any inspection, examination, test, or analysis of any portion of the premises involved in the occurrence made the basis of this lawsuit, or the scene of the occurrence in question, or any portion thereof has been made at any time by any person, if so, please state the date of such examination, inspection, test or examination, test or analysis.

**ANSWER:**

*Objection: The request inquires into a party's work product prepared in anticipation of litigation. FRCP 26(b)(3).*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

**None, other than the investigation performed on behalf of Defendant.**

**INTERROGATORY NO. 18:**

Was an investigation conducted concerning the occurrence in question? If so, please state the name, address and occupation of the person who conducted each investigation, the date on which each investigation was conducted, and the name and address of the person now having custody of each written report made concerning each investigation.

**ANSWER:**

*Objection: The request inquires into a party's work product prepared in anticipation of litigation. FRCP 26(b)(3).*

*Subject to and without waiving the objection, Plaintiff answers as follows:*

**None, other than the investigation performed on behalf of Defendant.**

## INTERROGATORY NO. 19:

If you were under the care of a physician at the time of the incident made the basis of this lawsuit, please state the physician's name and address, what drugs and medication you were taking, and the nature of the ailment for which you were seen or treated.

## ANSWER:

*Objection: Not relevant. The discovery request asks for irrelevant information. FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence. Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**Not applicable.**

## INTERROGATORY NO. 20:

If you have ever been a party to a lawsuit, for each such matter, state the style, cause number and court, and describe the nature of the suit and its disposition.

## ANSWER:

*Objection: Not relevant. The discovery request asks for irrelevant information. FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence. Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**Not applicable.**

## INTERROGATORY NO. 21:

Please list in chronological order any previous insurance claim or loss which you have sustained, either individually or on behalf of any business in which you held any ownership interest, including the name of the insurance company, the claim number, and policy number, and the name and address of the person with whom you dealt, along with a brief description of the nature of each claim, and the resolution of the claim.

**ANSWER:**

> *Objection: Not relevant. The discovery request asks for irrelevant information. FRCP 26(b)(1);*

> *Objections: Unduly burdensome. The discovery request places a burden or expense on the party that outweighs its likely benefit. A court weighing those burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the case. FRCP 26(b)(2)(ii)*

> *Overly broad request for information. The discovery request is overly broad, i.e., it is unduly burdensome or inquiries into matters that go beyond what is relevant to the case. FRCP 26(b)(1)-(2);*

> *Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence. Tex. R. Civ. P. 192.3(a).*

**Subject to and without waiving the objections, Plaintiff answers as follows:**

**Plaintiff has three prior automobile accidents for which he made claims against an insurance carrier. All three claims are more than 5 years old.**

**INTERROGATORY NO. 22:**

List all witnesses with knowledge of relevant facts by name, address, and telephone number.

**ANSWER:**

> *Objection: Same information already provided. A party may object if the information has already been provided in response to other discovery in another form. See Sears, Roebuck & Co., v. Ramirez, 824 S.W.2d 558, 559 (Tex. 1992).*

> *Subject to and without waiving the above objection, Plaintiff answers as follows:*

**Alma Taitague**
**1300 Squaw Valley Drive, Unit B**
**Brownsville, Texas 78520**
**(956) 350-4127**
> *Plaintiff has personal knowledge of the incident made the basis of this lawsuit.*

Bill Taitague
1300 Squaw Valley Drive, Unit B
Brownsville, Texas 78520
(956) 350-4127
*Plaintiff has personal knowledge of the incident made the basis of this lawsuit.*

Dr. Enrique Griego and his
Custodian of Records
1002 W. Sam Houston, Ste. 4
Pharr, Texas 78577
(956) 787-8855
*Plaintiff Alma Taitague's primary physician after the incident. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

Sam Houston X-Rays and its
Custodian of Records
1002 W. Sam Houston
Pharr, Texas 78577
(956) 781-5350
*Facility who took the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area after the incident. They will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

Dr. Allan Kapilivsky and his
Custodian of Records
1001 S. 10th St., Ste. 6294
McAllen, Texas 78501
(800) 771-4460
*Radiologist who interpreted the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

Industrial Mobility Rehabiliation Center
and its Custodian of Records
44 W. Jefferson, Ste. A
Brownsville, Texas 78520
(956) 504-0810
*Facility where Plaintiff Alma Taitague underwent physical therapy after the incident in question. The center will testify as to Mrs. Taitague's medical condition, and the care and therapy she received and the reasonableness of the center's medical fees.*

Rio Grande Valley Imaging Center
and its Custodian of Records
501-B Ed Carey Drive
Harlingen, Texas 78550
(956) 440-8900

*Facility where Plaintiff Alma Taitague's MRI was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

Dr. Dee L. Martinez and his
Custodian of Records
904 N. Ewing
Dallas, Texas 75203
(214) 941-8901

*Radiologist who interpreted the MRI taken of Plaintiff Alma Taitague's left shoulder area. He will testify as to Mrs. Taitague's medical condition, the care and treatment she received and the reasonableness of his medical fees.*

Brownsville Medical Center and
its Custodian of Records
1040 W. Jefferson
Brownsville, Texas 78520
(956) 544-1400

*Hospital where various x-rays were taken and an arthrogram was performed. The Hospital will testify as to her medical condition, the care and treatment she received, and the reasonableness of its fees.*

Dr. James Key and his
Custodian of Records
800 W. Jefferson, Suite 200
Brownsville, Texas 78520
(956) 982-8822

*Board Certified Orthopedic surgeon who treated Plaintiff Alma Taitague for her left shoulder injury. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

Dr. Ples L. Kujawa and his
Custodian of Records
8800 Village Drive, Suite 101
San Antonio, Texas 78217
(210) 599-8110

*Dr. Kujawa is a Board Certified Orthopedic surgeon who performed the arthroscopy surgery on Plaintiff Alma Taitague's left shoulder. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

Northeast Methodist Ambulatory Surgery Center
and its Custodian of Records
12702 IH-35 North
San Antonio, Texas 78233
(800)223-9899

*Facility where Plaintiff Alma Taitague's arthroscopy surgery was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

Dr. Gary Keener and his
Custodian of Records
Star Anesthesia, P.A.
P. O. Box 659
San Antonio, Texas 78293-0659
(210) 375-7780

*Dr. Keener was the anesthesiologist who administered to Plaintiff during the arthroscopy of the left shoulder. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

Dr. Anant K. Utturkar and his
Custodian of Records
2390 Central Blvd., Suite Y
Brownsville, Texas 78520-8717
(800) 203-4715

*Radiologist who performed the arthrogram on Plaintiff Alma Taitague's left shoulder. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

Dr. William McKinney and
his Custodian of Records
820 W. Price Road, Suite A
Brownsville, Texas 78521
(800) 262-8848

*Radiologist who interpreted and/or took chest x-rays of Plaintiff Alma Taitague for preoperative purposes. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

Dr. L. Stacy Mitchell and his
Custodian of Records
Southern Orthopaedics
4302 S. Sugar Road, Suite 209
Edinburg, Texas 78539
(956) 383-5550

*Dr. Mitchell was seen for a second opinion. He will testify as to her*

*medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**OrthoLogic and its**
**Custodian of Records**
**1275 West Washington Street**
**Tempe, Arizona 85281-1210**
**(800) 937-5520**
*Medical equipment facility that provided the physical therapy equipment for rehabilitation after the surgery to Plaintiff Alma Taitague's left shoulder. The Facility will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

**EBI Medical Systems, Inc. and its**
**Custodian of Records**
**100 Interspace Parkway**
**Parsippany, New Jersey 07054-1079**
**(800) 526-2579**
*Facility which provided cold pack medical products to Plaintiff Alma Taitague after surgery to her left shoulder. The Facility will testify as to her medical condition, the care and treatment she received and the reasonablenss of its medical fees.*

## INTERROGATORY NO. 23:

Please list every testifying expert witness by name, address and telephone number.

## ANSWER:

*Objection: Cumulative or duplicative. The discovery request is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive. FRCP 26(b)(2)(i);*

*Objection: Tex. R. Civ. P. 195.1 prohibits a party from learning the identity of the other party's expert witnesses through interrogatories.*

## INTERROGATORY NO. 24:

Please identify, by name and address, all physicians, surgeons, chiropractors, osteopaths, psychiatrists, physiologists, or other practicing members of the healing arts or hospitals, pharmacies or other institutions who have rendered medical treatment or furnished medicines, drugs or supplies to you for any injuries or pain resulting from the occurrence made the basis of this lawsuit.

## ANSWER:

*Objection: Not relevant.   The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence.  Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**Plaintiff did not sustain any injuries as a result of the occurrence made the basis of this lawsuit.   Please see Plaintiff Alma Taitague's answer to Interrogatory Nos. 2 and 5 which is incorporated herein by reference for all purposes.**

## INTERROGATORY NO. 25:

Have you ever been a patient in any hospital or other health care facility or been treated by or consulted any physicians, surgeons, chiropractors, osteopaths, psychiatrists, physiologists, or other practitioners of the healing arts in the past ten (10) years, please identify each by name and address.

## ANSWER:

*Objection: Not relevant.   The discovery request asks for irrelevant information.  FRCP 26(b)(1);*

*Objection: Unduly burdensome.  The discovery request places a burden or expense on the party that outweighs its likely benefit.  A court weighing those burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the case.  FRCP 26(b)(2)(ii)*

*Objection: Overly broad request for information.  The discovery request is overly broad, i.e., it is unduly burdensome or inquiries into matters that go beyond what is relevant to the case.  FRCP 26(b)(1)-(2);*

*Objection: This discovery request seeks information which is not relevant or will not lead to admissible evidence.   Tex. R. Civ. P. 192.3(a).*

*Subject to and without waiving the objections, Plaintiff answers as follows:*

**Plaintiff was admitted into Brownsville Medical Center on March 12, 1992 after being involved in an automobile accident.  Plaintiff sustained injuries to his femur bone in his left leg, head injuries and teeth.  He was in the hospital for**

several weeks and had to go through extensive rehabilitation.

Plaintiff was a passenger in a vehicle struck from behind in Harlingen, Texas in 1992. This automobile accident occurred three months after Plaintiff was discharged from Brownsville Medical Center due to extensive injuries as a result of an automobile accident in Brownsville.

STATE OF TEXAS

COUNTY OF _Cameron_

BEFORE me, the undersigned authority, on this day personally appeared BILL TAITAGUE, known to me to be the person whose name is subscribed to the foregoing instrument, who after being duly sworn and deposed, says that the above and foregoing answers to Interrogatories are true and correct.

_____
BILL TAITAGUE

SUBSCRIBED AND SWORN TO BEFORE ME by the said BILL TAITAGUE on this the _13th_ day of _July_, 2000.

> ISAURO G. FARIAS
> Notary Public, State of Texas
> My Commission Expires
> February 06, 2003

_____
NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION
(PURSUANT TO NOTICE OF REMOVAL FILED ON JUNE 27, 2000)

ALMA TAITAGUE and BILL TAITAGUE    §
                                   §          28312
                                   §
VS.                                §          CIVIL ACTION NO. B-00-099
                                   §
                                   §
ALBERTSON'S, INC.                  §

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CAUSE NO.  2000-CCL-497-B

ALMA TAITAGUE AND          §      IN THE COUNTY COURT
BILL TAITAGUE              §
                          §
VS.                       §      AT LAW NO. 2 OF
                          §
                          §
ALBERTSON'S, INC.         §      CAMERON COUNTY, TEXAS

## PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURE

NOW COMES, **ALMA TAITAGUE** and **BILL TAITAGUE,** by and through their

attorney of record, and pursuant to Rule 194 of the Texas Rules of Civil Procedure respond

to Defendant, **ALBERTSON'S, INC.'S** Request for Disclosure and provides the following:

a.    The correct names of the parties to this lawsuit.

RESPONSE:

   **Alma Taitague - Plaintiff**

   **Bill Taitague - Plaintiff**



EXHIBIT

**Albertson's, Inc. - Defendant**

b.      The name, address and telephone number of any potential parties.

RESPONSE:

> **Plaintiffs believe all necessary and proper parties are before the Court.**

c.      The legal theories and, in general, the factual basis for your claims or defenses in this lawsuit.

RESPONSE:

> **Plaintiffs preface this response by stating discovery has not been completed at this time and additionally, directs Defendant to Plaintiffs' petition.  Plaintiffs also reserve the right to amend her answers in accordance with the Texas Rules of Civil Procedure.  Subject thereto, Plaintiffs answer the following:**
>
> > **a.      Negligence;**
> >
> > **b.      Gross Negligence;**
> >
> > **c.      Exemplary Damages.**

**A.**

1.      **While upon Defendant's premises, Plaintiff, ALMA TAITAGUE suffered serious and possibly permanent bodily injuries as a result of a fall proximately caused by a dangerous condition on the premises which Defendant, its agents, servants, and employees knew of, or in the exercise of ordinary care, should have known existed. Specifically, as Plaintiff ALMA TAITAGUE approached an aisle in the fruit and vegetable section, she slipped and fell on a lime on the floor directly in front of the fruit and vegetable bins, causing injuries of which she now complains.  Plaintiff ALMA TAITAGUE had to walk through the fruit and vegetable section in order to select the merchandise she was attempting to purchase.**

2.      **Plaintiffs further allege that Defendant, its agents, servants, and employees**

negligently caused and negligently permitted such conditions to exist and negligently failed to warn Plaintiff ALMA TAITAGUE of the existence of the dangerous condition of the floor directly in front of the fruit and vegetable bins, causing injuries of which she now complains.

3.      On the occasion in question, Defendant and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiffs in the following respects:

1.      In failing to maintain the floor in a reasonably safe condition.

2.      In failing to warn Plaintiff ALMA TAITAGUE of the dangerous condition on the floor.

3.      In permitting the lime to remain on the floor.

4.      In failing to inspect the premises in order to discover the dangerous condition which was created by the lime on the floor.

5.      In failing to correct the dangerous condition which was created by the lime on the floor.

6.      In failing to warn invitees, including Plaintiff ALMA TAITAGUE, that a dangerous condition existed which required extra care to be taken when walking in that area.

7.      In failing to maintain the premises in a reasonably safe condition.

8.      In failing to warn Plaintiff ALMA TAITAGUE of the dangerous condition on the premises.

9.      In failing to put up warning signs of the dangerous condition on the premises.

Each of the foregoing negligent acts and omissions whether taken singularly or in and combination, was a proximate cause of Plaintiff ALMA TAITAGUE's injuries

and damages which are described below.

4.    As a direct and proximate result of the Defendant's negligence, Plaintiff ALMA TAITAGUE has suffered serious disabling injuries which have caused permanent bodily injury and impairment, including a severe injury to the left shoulder.  Plaintiff ALMA TAITAGUE also has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for a balance of her natural life, all to the Plaintiffs' damage in excess of the minimum jurisdictional limits of this court.  As a result of the injuries sustained, Plaintiffs will incur reasonable and customary doctor's and medical expenses by the time of trial in the amount in excess of the minimum jurisdictional limits of this court, for necessary treatment and a reasonable probability that Plaintiff ALMA TAITAGUE will incur additional expenses for necessary medical care and attention in the amount in excess of the minimum jurisdictional limits of the court.

5.    As a result of the injuries sustained by Plaintiff, ALMA TAITAGUE, her ability to administer to the needs of herself and her family and to attend to her customary household duties and occupations has been seriously impaired and in all reasonable probability; it will continue to be so impaired far into the future, if not for the balance of her natural life, all to her damage and loss in the sum in excess of the minimum jurisdictional limits of the court.

6.    Plaintiff ALMA TAITAGUE would further show that she was married to BILL TAITAGUE on the date of the occurrence made the basis of this suit and has been so married for the past 4½ years.  As a direct and proximate result of the negligence

of Defendant, as described above, there has been a substantial impairment of the marital relationship between the Plaintiffs. Accordingly, Plaintiff BILL TAITAGUE has sustained a serious loss of the affection, solace, comfort, companionship, society, assistance, and sexual relationship that he previously received from his spouse, all to his damage in a sum in excess of the minimum jurisdictional limits of the Court.

7.     At the time of the incident complained of, Plaintiff ALMA TAITAGUE was gainfully employed as a legal secretary and was earning $10.15 per hour working 40 hours per week. As a proximate result of the negligence of the Defendant, Plaintiff ALMA TAITAGUE has been unable to fully attend to her occupation since the time of the accident of May 30, 1999 thereby damaged in the sum in excess of the minimum jurisdictional limits of the court, for which Plaintiffs hereby sue.

8.     As a result of the Defendant's negligence, Plaintiff, ALMA TAITAGUE's capacity to earn a livelihood was totally destroyed or severely impaired, and in all reasonable probability this incapacity will continue long into the future, if not for the balance of Plaintiff ALMA TAITAGUE's natural life, all to her damage and loss in the sum in excess of the minimum jurisdictional limits of the court, for which Plaintiffs sue.

## B.

The negligence of the Defendant, its agents, servants, and employees, as a aforesaid was of such a character as to make them guilty of gross negligence. Their actions involved such entire want of care as could only have resulted from actual conscious indifference to the rights, safety, or welfare of Plaintiffs, and Plaintiffs

hereby sue for exemplary damages in an amount in excess of the minimum jurisdictional limits of the court.

d.    the amount and any method of calculating economic damages;

RESPONSE:

Discovery has not been completed in this case and the economic damages have not been completely determined at this time.   Therefore, Plaintiff reserves the right to supplement this answer.

Currently, Mrs. Taitague's special damages include her medical expenses, lost wages, and travel expenses.

e.    The name, address and telephone number of each person having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

RESPONSE:

**Alma Taitague**
**1300 Squaw Valley Drive, Unit B**
**Brownsville, Texas 78520**
**(956) 350-4127**
        *Plaintiff has personal knowledge of the incident made the basis of this lawsuit.*

**Bill Taitague**
**1300 Squaw Valley Drive, Unit B**
**Brownsville, Texas 78520**
**(956) 350-4127**
        *Plaintiff has personal knowledge of the incident made the basis of this lawsuit.*

**Dr. Enrique Griego and his**
**Custodian of Records**
**1002 W. Sam Houston, Ste. 4**
**Pharr, Texas 78577**
**(956) 787-8855**
        *Plaintiff Alma Taitague's primary physician after the incident.  He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Sam Houston X-Rays and its**
**Custodian of Records**
**1002 W. Sam Houston**
**Pharr, Texas 78577**
**(956) 781-5350**
*Facility who took the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area after the incident. They will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Allan Kapilivsky and his**
**Custodian of Records**
**1001 S. 10th St., Ste. 6294**
**McAllen, Texas 78501**
**(800) 771-4460**
*Radiologist who interpreted the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Industrial Mobility Rehabiliation Center**
**and its Custodian of Records**
**44 W. Jefferson, Ste. A**
**Brownsville, Texas 78520**
**(956) 504-0810**
*Facility where Plaintiff Alma Taitague underwent physical therapy after the incident in question. The center will testify as to Mrs. Taitague's medical condition, and the care and therapy she received and the reasonableness of the center's medical fees.*

**Rio Grande Valley Imaging Center**
**and its Custodian of Records**
**501-B Ed Carey Drive**
**Harlingen, Texas 78550**
**(956) 440-8900**
*Facility where Plaintiff Alma Taitague's MRI was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Dee L. Martinez and his**
**Custodian of Records**
**904 N. Ewing**
**Dallas, Texas 75203**
**(214) 941-8901**
*Radiologist who interpreted the MRI taken of Plaintiff Alma Taitague's left shoulder area. He will testify as to Mrs. Taitague's medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Brownsville Medical Center and**
**its Custodian of Records**
**1040 W. Jefferson**
**Brownsville, Texas 78520**
**(956) 544-1400**
*Hospital where various x-rays were taken and an arthrogram was performed. The Hospital will testify as to her medical condition, the care and treatment she received, and the reasonableness of its fees.*

**Dr. James Key and his**
**Custodian of Records**
**800 W. Jefferson, Suite 200**
**Brownsville, Texas 78520**
**(956) 982-8822**
*Board Certified Orthopedic surgeon who treated Plaintiff Alma Taitague for her left shoulder injury. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Dr. Ples L. Kujawa and his**
**Custodian of Records**
**8800 Village Drive, Suite 101**
**San Antonio, Texas 78217**
**(210) 599-8110**
*Dr. Kujawa is a Board Certified Orthopedic surgeon who performed the arthroscopy surgery on Plaintiff Alma Taitague's left shoulder. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Northeast Methodist Ambulatory Surgery Center**
**and its Custodian of Records**
**12702 IH-35 North**
**San Antonio, Texas 78233**
**(800) 223-9899**
*Facility where Plaintiff Alma Taitague's arthroscopy surgery was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Gary Keener and his**
**Custodian of Records**
**Star Anesthesia, P.A.**
**P. O. Box 659**
**San Antonio, Texas 78293-0659**
**(210) 375-7780**
*Dr. Keener was the anesthesiologist who administered the medication during the arthroscopy of the left shoulder. He will testify as to her medical*

*condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. Anant K. Utturkar and his**
**Custodian of Records**
**2390 Central Blvd., Suite Y**
**Brownsville, Texas 78520-8717**
**(800) 203-4715**
   *Radiologist who performed the arthrogram on Plaintiff Alma Taitague's left shoulder. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. William McKinney and**
**his Custodian of Records**
**820 W. Price Road, Suite A**
**Brownsville, Texas 78521**
**(800) 262-8848**
   *Radiologist who interpreted and/or took chest x-rays of Plaintiff Alma Taitague for preoperative purposes. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. L. Stacy Mitchell and his**
**Custodian of Records**
**Southern Orthopaedics**
**4302 S. Sugar Road, Suite 209**
**Edinburg, Texas 78539**
**(956) 383-5550**
   *Dr. Mitchell was seen for a second opinion. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**OrthoLogic and its**
**Custodian of Records**
**1275 West Washington Street**
**Tempe, Arizona 85281-1210**
**(800) 937-5520**
   *Medical equipment facility that provided the physical therapy equipment for rehabilitation after the surgery to Plaintiff Alma Taitague's left shoulder. The Facility will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

**EBI Medical Systems, Inc. and its**
**Custodian of Records**
**100 Interspace Parkway**
**Parsippany, New Jersey 07054-1079**

(800) 526-2579

*Facility which provided cold pack medical products to Plaintiff Alma Taitague after surgery to her left shoulder. The Facility will testify as to her medical condition, the care and treatment she received and the reasonablenss of its medical fees.*

f.      For any testifying expert:

a.      The expert's name, address and telephone number;

b.      The subject matter on which the expert will testify;

c.      The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed or otherwise subject to your control, documents reflecting such information;

d.      If the expert is retained by, employed by, or otherwise subject to your control;

a.      All documents, tangible things, reports, models, or data compilation that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

b.      The expert's current resume and bibliography.

RESPONSE:

**The following experts have not been retained. However, the following medical providers treated and/or provided medical services to Plaintiff Alma Taitague pertaining to any and all injuries she sustained as a result of the incident:**

**Dr. Enrique Griego and his
Custodian of Records
1002 W. Sam Houston, Ste. 4
Pharr, Texas 78577
(956) 787-8855**
*Plaintiff Alma Taitague's primary physician after the incident. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Sam Houston X-Rays and its
Custodian of Records
1002 W. Sam Houston
Pharr, Texas 78577
(956) 781-5350**
*Facility who took the x-rays of Plaintiff Alma Taitague's left ankle and*

*left shoulder area after the incident. They will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Allan Kapilivsky and his**
**Custodian of Records**
**1001 S. 10th St., Ste. 6294**
**McAllen, Texas 78501**
**(800) 771-4460**
*Radiologist who interpreted the x-rays of Plaintiff Alma Taitague's left ankle and left shoulder area. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Industrial Mobility Rehabiliation Center**
**and its Custodian of Records**
**44 W. Jefferson, Ste. A**
**Brownsville, Texas 78520**
**(956) 504-0810**
*Facility where Plaintiff Alma Taitague underwent physical therapy after the incident in question. The center will testify as to Mrs. Taitague's medical condition, and the care and therapy she received and the reasonableness of the center's medical fees.*

**Rio Grande Valley Imaging Center**
**and its Custodian of Records**
**501-B Ed Carey Drive**
**Harlingen, Texas 78550**
**(956) 440-8900**
*Facility where Plaintiff Alma Taitague's MRI was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Dee L. Martinez and his**
**Custodian of Records**
**904 N. Ewing**
**Dallas, Texas 75203**
**(214) 941-8901**
*Radiologist who interpreted the MRI taken of Plaintiff Alma Taitague's left shoulder area. He will testify as to Mrs. Taitague's medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Brownsville Medical Center and**
**its Custodian of Records**
**1040 W. Jefferson**
**Brownsville, Texas 78520**
**(956) 544-1400**

*Hospital where various x-rays were taken and an arthrogram was performed. The Hospital will testify as to her medical condition, the care and treatment she received, and the reasonableness of its fees.*

**Dr. James Key and his**
**Custodian of Records**
**800 W. Jefferson, Suite 200**
**Brownsville, Texas 78520**
**(956) 982-8822**
*Board Certified Orthopedic surgeon who treated Plaintiff Alma Taitague for her left shoulder injury. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Dr. Ples L. Kujawa and his**
**Custodian of Records**
**8800 Village Drive, Suite 101**
**San Antonio, Texas 78217**
**(210) 599-8110**
*Dr. Kujawa is an orthopedic surgeon who performed the arthroscopy surgery on Plaintiff Alma Taitague's left shoulder. He will testify as to her medical condition, the cause of such condition and the care and treatment she received and the reasonableness of his medical fees.*

**Northeast Methodist Ambulatory Surgery Center**
**and its Custodian of Records**
**12702 IH-35 North**
**San Antonio, Texas 78233**
**(800)223-9899**
*Facility where Plaintiff Alma Taitague's arthroscopy surgery was performed. The facility will testify as to her medical condition, and the care and treatment she received and the reasonableness of its medical fees.*

**Dr. Gary Keener and his**
**Custodian of Records**
**Star Anesthesia, P.A.**
**P. O. Box 659**
**San Antonio, Texas 78293-0659**
**(210) 375-7780**
*Dr. Keener was the anesthesiologist who administered the medication during the arthroscopy of the left shoulder. He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. Anant K. Utturkar and his**
**Custodian of Records**
**2390 Central Blvd., Suite Y**
**Brownsville, Texas 78520-8717**
**(800) 203-4715**
        *Radiologist who performed the arthrogram on Plaintiff Alma Taitague's left shoulder.  He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. William McKinney and**
**his Custodian of Records**
**820 W. Price Road, Suite A**
**Brownsville, Texas 78521**
**(800) 262-8848**
        *Radiologist who interpreted and/or took chest x-rays of Plaintiff Alma Taitague for preoperative purposes.  He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**Dr. L. Stacy Mitchell and his**
**Custodian of Records**
**Southern Orthopaedics**
**4302 S. Sugar Road, Suite 209**
**Edinburg, Texas 78539**
**(956) 383-5550**
        *Dr. Mitchell was seen for a second opinion.  He will testify as to her medical condition, the care and treatment she received and the reasonableness of his medical fees.*

**OrthoLogic and its**
**Custodian of Records**
**1275 West Washington Street**
**Tempe, Arizona 85281-1210**
**(800) 937-5520**
        *Medical equipment facility that provided the physical therapy equipment for rehabilitation after the surgery to Plaintiff Alma Taitague's left shoulder.  The Facility will testify as to her medical condition, the care and treatment she received and the reasonableness of its medical fees.*

**EBI Medical Systems, Inc. and its**
**Custodian of Records**
**100 Interspace Parkway**
**Parsippany, New Jersey 07054-1079**
**(800) 526-2579**
        *Facility which provided cold pack medical products to Plaintiff Alma Taitague after surgery to her left shoulder.  The Facility will testify as to her*

*medical condition, the care and treatment she received and the reasonablenss of its medical fees.*

g.    All discoverable indemnity and insurance agreements.

RESPONSE:

**None.**

h.    All discoverable settlement agreements.

RESPONSE:

**None.**

i.    All discoverable witness statements.

RESPONSE:

**None.  However, Defendant should have a recorded statement from Plaintiff Alma Taitague.**

j.    in a suit alleging physical or mental injury and damages from the occurrence that is the subject to the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

RESPONSE:

**See attached medical authorization.**

Respectfully submitted.

Law Office of Anthony P. Troiani
700 Paredes Avenue Suite 106
Brownsville, Texas 78520
Tel. (956) 541-4235
Fax. (956) 541-9174

By: _____
     Anthony P. Troiani
     State Bar No. 00795914

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Anthony Troiani, do hereby certify that a true and correct copy of the following instrument has been sent to Defendant's attorney on July 1ˢ , 2000 in accordance with FRCP 5:

Ms. Miriam O. Victorian
THORNTON, SUMMERS, BIECHLIN,
    DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504-2240

ANTHONY TROIANI

# THORNTON, SUMMERS, BIECHLIN
# DUNHAM & BROWN, L.C.

### ATTORNEYS AT LAW

Miriam O. Victorian

Writer's direct e-mail address:
miriam.victorian@thorntonsummers.com

418 EAST DOVE AVENUE
McALLEN, TEXAS 78504-2240
(956) 630-3080
FAX (956) 630-0189

AUSTIN

CORPUS CHRISTI

SAN ANTONIO

July 20, 2000

Mr. Michael M. Milby (via certified mail)
District Clerk for the Southern District of Texas, Brownsville Division
600 East Harrison, Number 101
Brownsville, Texas 78520

RE:   TAITAGUE VS. ALBERTSON'S, INC.
Our Claim No.  D-28812/3506 MOV

Dear Mr. Milby

Enclosed please find the originals and two copies of the following in the above-styled case:

1.   Defendant's Response to Plaintiffs' Motion to Remand.

After date-stamping both the originals and copies, please file the originals and one copy each with the Court, and return the file-stamped copies in the self-addressed stamped envelope.

By copy of this letter I am forwarding a copy of said documents to all counsel of record.

Thank you for your cooperation and attention to this matter.

Very truly yours,

THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
Rio Grande Valley Office

*Miriam O. Victoria*

MIRIAM O. VICTORIAN

MOV:pdv

cc:   Mr. Anthony Troiani (via certified mail)