IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| ALMA T. TAITAGUE AND | § | |
| BILL TAITAGUE, | § | |
|    Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-99 |
| | § | |
| ALBERTSON'S, INC., | § | |
|    Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Plaintiffs' ("Mr. and Mrs. Taitague"), Motion to Remand. (Docket No. 5). The Defendant, ("Albertson's"), filed Response to Plaintiff's Motion to Remand. (Docket No. 7).

## FACTUAL SUMMARY

This cause of action results from a slip and fall accident which occurred at the Albertson's store in Brownsville, Texas on May 18, 2000. This suit was originally filed under Cause No. 2000-CCL-497-B in County Court at Law No. 2 of Cameron County, Texas on May 18, 2000. Albertson's subsequently filed a Notice of Removal on June 27, 2000.

## RECOMMENDATION

Plaintiffs' argue in their brief that removal to Federal Court is improper because they have not pled a federal question nor is the amount in controversy more than $75,000, therefore no basis for federal question or diversity jurisdiction exists. Plaintiffs' further argue that prior to removal Albertson's engaged in extensive discovery and thus waived its right to removal. (Docket No. 5)

The Fifth Circuit in *De Aguilar v. Boeing Co.*, 11 F.3d 55, 59 (5th Cir. 1993), stated that in the event a plaintiff fails to allege a specific amount of damages, the removing defendant must prove

by a preponderance of the evidence that the amount in controversy is more than the required jurisdictional amount (i.e. $75,000). In the case at hand, Albertson's includes in its Response to Plaintiffs' Motion to Remand an exhibit which evidences that Mrs. Taitague was treated by 16 different physicians for her injury. (See Docket No. 7, Exhibit A- "Plaintiff Alma Taitague's Answers and Objections to Defendant's First Set of Interrogatories".) Also, in Plaintiffs' Original Petition (Docket No. 1), Mrs. Taitague alleges special damages for lost wages and soft damages for pain and suffering and mental anguish. After reviewing the aforementioned documents, this Court is of the opinion that Albertson's has met its burden of showing by a preponderance of the evidence that Mr. and Mrs. Taitague's damage claim will exceed $75,000.

In reference to the Plaintiff's second argument, the Fifth Circuit has held that, "...the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989). In *Beighley*, the defendants filed a motion for a new trial in state court and then filed a petition for removal before the state court motion could be heard. The Fifth Circuit concluded that the defendant's behavior did not constitute a waiver of removal. *See also, California Republican Party v. Mercier*, 652 F.Supp. 928, 931-32 (C.D. Cal. 1986)(obtaining order staying discovery did not constitute waiver of removal); *Estevez-Gonzales v. Kraft Inc.*, 606 F.Supp. 127, 128-129 (S.D. Fla. 1985)(serving interrogatories did not constitute waiver of removal).

In the current case, the only conduct which Albertson's engaged in prior to removal was paper discovery (i.e. interrogatories). Albertson's timely filed this notice of removal and no further discovery has been conducted. This behavior does not rise to the level needed for a waiver of removal as laid out by Fifth Circuit stated in *Beighley*.

IT IS THEREFORE **RECOMMENDED** that Plaintiffs' Motion to Remand be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 16th day of August, 2000.

                                                John Wm. Black
                                                United States Magistrate Judge

ClibPDF - www.fastio.com