30

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALMA T. TAITAGUE and BILL TAITAGUE | § § | |
| VS. | § § | CIVIL ACTION NO. B-00-99 |
| ALBERTSON'S, INC., | § | |

### DEFENDANT, ALBERTSON'S PROPOSED JURY CHARGE

COMES NOW Defendant, Albertson's, Inc. and files this, its Proposed Jury Charge to the Court, and respectfully submits that the following instructions, definitions, and questions which may be presented to the jury at the conclusion of the trial of this lawsuit, subject to the evidence presented and received.

Respectfully submitted,

CHAVES, GONZALES & HOBLIT, L.L.P.

By: _____
Douglas E. Chaves
Federal ID No. 1895
State Bar No. 04161400

**CHAVES, GONZALES & HOBLIT**
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
361/888-9392
FAX 361/888-9187

**ATTORNEY IN CHARGE FOR DEFENDANT ALBERTSON'S, INC.**

Defendant's Proposed Charge

1

OF COUNSEL:

CHAVES, GONZALES & HOBLIT
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
361/888-9392
FAX 361/888-9392

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon all counsel of record to this proceeding by the manner indicated below, on April 23, 2001.

_____
Douglas E. Chaves

**VIA CM/RRR:**
MR. ANTHONY TROIANI
LAW OFFICES OF ANTHONY TROIANI
700 Paredes Avenue, Suite 106
Brownsville, Texas 78520
(956) 541-9174 fax

Defendant's Proposed Charge

2

# The Court's Instructions to the Jury

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to based a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The

Defendant's Proposed Charge

3

law is no respecter of persons; all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case, and, if admitted for a limited purpose, only for that limited purpose. The term "evidence" includes the sworn testimony of the witnesses and the exhibited admitted in the record.

Remember that any statements, objections, or arguments made by the attorneys are not evidence in this case. The function of lawyers is to point out those things that are most significant or most helpful to their side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls the case. What the attorneys say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make decisions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but

Defendant's Proposed Charge

4

simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true and accurate.

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his relationship to the Plaintiffs, Alma and Bill Taitague, or to the Defendant, Albertson's, Inc.; its interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, or intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive right to give the testimony of that witness such credibility or weight, if any, as you think it

Defendant's Proposed Charge

5

deserves.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

The burden is on the Plaintiffs, Alma Taitague and Bill Taitague, in a civil action such as this, to prove every essential element of their claims by a "preponderance of the evidence." A preponderance of the evidence means such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the claims of Plaintiffs, Alma Taitague and Bill Taitague, by a preponderance of the evidence,

Defendant's Proposed Charge

6

the jury should find for the Defendant, Albertson's, Inc., as to that claim.

In this case, Plaintiffs claim that Defendant was negligent and that such negligence was a proximate cause of the injuries and damages sustained by Plaintiffs. Specifically, Plaintiffs allege that Defendant was negligent in allowing a lime to be on the floor for and unreasonable amount of time.

In order to prevail on this claim, the Plaintiffs must prove by a preponderance of the evidence that Defendant Albertson's, Inc., was negligent on the occasion in question. In order to be negligent, Plaintiffs must prove by a preponderance of the evidence each of the following:

1. That Albertson's Inc. created an unreasonable risk of harm;

2. That Albertson's, Inc. failed to exercise reasonable care in reducing or eliminating that risk; and

3. That the failure of Defendant Albertson's to exercise reasonable care was a proximate cause of Plaintiffs' injuries.

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. A risk is unreasonable only if it is of such magnitude as to outweigh what the law regards as a utility of the alleged negligent act or omission. Negligence may consist either of doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in

Defendant's Proposed Charge

7

order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Ordinary care is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

Ordinary care is not an absolute term, but a relative one. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case.

Negligence is a proximate cause of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing, such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a proximate cause of damage, even though it operates in combination with the act of another, some natural cause, or some other cause of such other cause occurs at the same times as the negligence, and if the negligence contributes substantially to producing such damage. The mere fact that an accident happened does not permit the inference that the accident was caused by the negligence of the Defendant.

Defendant, Albertson's, Inc, contends that the Plaintiff, Alma Taitague, was herself negligent, and that such negligence was a proximate cause of her own injury. This is a

Defendant's Proposed Charge

defensive claim and the burden of proving that claim by a preponderance of the evidence is upon the Defendant. The Defendant must establish:

1. That Plaintiff, Alma Taitague, failed to exercise reasonable care on the occasion in question; and

2. That the failure of Plaintiff, Alma Taitague, to exercise reasonable care was a proximate cause of Plaintiff's own damages.

You are instructed that a storekeeper is not an insurer of the safety of invited customers who enter the store for the purpose of shopping. It is unjust to hold the storekeeper responsible for the carelessness of a person over whom he has no control

You are further instructed that negligence is never presumed, and the mere happening of an accident is not necessarily evidence at all of negligence.

Defendant, Albertson's, Inc., also contends that all the injuries complained of by Plaintiff, Alma Taitague, were not the result of the incident at Albertson's. Defendant contends that all or part of the injuries and damages complained of by Plaintiff existed prior to the incident in question or were caused by occurrences which transpired after the incident in question.

If you find in favor of Defendant, Albertson's, Inc., on this defense, that alone will not prevent recovery by the Plaintiffs, but will reduce the amount of Plaintiffs' recovery. In other words, if you find that the accident was due partly to the fault of Plaintiff, Alma Taitague, that her own negligence was responsible for some percentage of her injuries, then you would fill in that percentage as your finding on the special Questions form that you will be given. Such a finding would not prevent the Plaintiffs from recovering; the Court will merely reduce the Plaintiffs' total damages by the percentage you insert. By

Defendant's Proposed Charge

this instruction, I am not suggesting any specific figure to you at all.

In considering the issue of Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Damages must not be based on speculation, because it is only actual damages - what the law calls "compensatory damages" - that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - tangible and intangible. Compensatory damages are an attempt to restore the Plaintiffs; that is, to make them whole, or as they were immediately prior to the incident in question.

Additionally, you are instructed that in considering the issue of the Plaintiffs', damages, you should not assess an amount of damages for any disease or physical defect existing before the occurrence in question, except to the extent, if any, that such other disease or physical defect was aggravated by any injuries that resulted from the occurrence in question.

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. That means that he must take advantage of any reasonable opportunity he may have had under the circumstances to reduce or minimize his loss or damage.

If you find from a preponderance of the evidence that the Plaintiff, Alma Taitague, failed to seek out or take advantage of a business or employment opportunity that was reasonably available to her under all the circumstances shown by the evidence, then you

Defendant's Proposed Charge

10

should reduce the amount of her damages by the amount she could have reasonably realized if she had taken advantage of such opportunity.

Failure of Plaintiff, Alma Taitague, to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent recovery of such damages as might have been avoided thereby.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence, and no others:

1. Any bodily injury sustained by the Plaintiff, Alma Taitague, and any resulting pain and suffering, disability, mental anguish and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. No evidence of the value of such intangible things as mental or physical pain and suffering has been or needs to be introduced. In that respect, it is not value that you are trying to determine, but an amount that will fairly compensate the Plaintiff, Alma Taitague, for the damages she suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in light of the evidence.

2. The reasonable expense of hospitalization, medical, nursing care and treatment necessarily or reasonably obtained by the Plaintiff, Alma Taitague, in the past or to be so obtained in the future.

3. Any earnings lost in the past and any loss of ability to earn money in the future sustained by the Plaintiff, Alma Taitague.

4. Any loss of consortium sustained by the Plaintiff, Bill Taitague, in the past or to be experienced in the future.

If a preponderance of the evidence shows that the Plaintiff, Alma Taitague, has been permanently injured, you may consider her life expectancy.

When considering life expectancy in determining future damages, you should bear in mind, of course, the distinction between entire life expectancy and work life expectancy. Those elements of damage related to future medical and hospital expenses

Defendant's Proposed Charge

11

should be measured only by the Plaintiff, Alma Taitague's, remaining life expectancy.

If you should find that the Plaintiff, Alma Taitague, is entitled to an award of damages, you will be asked to determine if an award for loss of earnings in the past and loss of earning capacity in the future should be included. In arriving at such a figure or figures, you should take into consideration such loss after income and social security taxes have been deducted. You should determine the actual and net amount, if any, that the Plaintiff has lost or will lose. You should award the Plaintiff only what she has actually lost or will lose; that is, her earnings less any such tax that would have been due.

If you should find that the evidence establishes a reasonable likelihood of future medical and hospital expense, then it becomes your duty to ascertain the present worth in dollars of such future damages, since an award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

In order to make a reasonable adjustment for the present use, interest-free, of money representing a lump-sum payment of anticipated future medical and hospital expenses, the law requires that you discount, or reduce to its present worth, the amount of the anticipated future medical and hospital expenses by taking; (1) the interest rate or return which the Plaintiff, Alma Taitague, could reasonably be expected to receive based on the rate of interest prevailing at this time in Brownsville, Texas, on an investment of the lump-sum payment, together with; (2) the period of time over which the future medical and hospital expenses are reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount which would be reasonably certain to earn or return,

Defendant's Proposed Charge

12

if invested at such rate of interest over such future period of time; and include in the verdict an award for only the present worth, the reduced amount, of the total anticipated future medical and hospital expenses.

Bear in mind that your duty to discount to present value applies to future medical and hospital expenses. If you should find that the Plaintiff, Alma Taitague, is entitled to damages for future pain and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

For the purpose of this Charge, "consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage.

In considering any element of damages to be experienced in the future, you are instructed that you should not take into account any possible effect of present or future inflation one way or another.

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe the Plaintiffs should, or should not, prevail in this case.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the

Defendant's Proposed Charge

13

evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesperson here in court. A form of Special Interrogatories has been prepared for your convenience.

You will take the form to the jury room and, when you have reached unanimous agreement on each question, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Bailiff, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at that time.

You may now retire and deliberate the case.

Defendant's Proposed Charge

## QUESTION NO. 1

Do you find from a preponderance of the evidence that ALBERTSON'S, INC., was negligent on the occasion in question?

Answer: "We do" or "We do not."

Answer: _____

If you have answered Question No. 1, "We do, "then answer Question No. 2; otherwise, do not answer Question No. 2.

## QUESTION NO. 2

Do you find from a preponderance of the evidence that such negligence was a proximate cause of the occurrence in question?

Answer: "We do" or "We do not."

Answer: _____

## QUESTION NO. 3

Do you find from a preponderance of the evidence that Plaintiff ALMA TAITAGUE was negligent on the occasion in question?

Answer: "We do" or "We do not."

Answer: _____

Defendant's Proposed Charge

If you have answered Question No. 3, "We do," then answer Question No. 4; otherwise, do not answer Question No. 4.

## QUESTION NO. 4

Do you find from a preponderance of the evidence that such negligence was a proximate cause of the occurrence in question?

Answer "We do" or "We do not."

Answer: _____

If, in Questions No. 2 and No. 4 you have found the negligence of more than one of the persons named below proximately caused the occurrence in question, then answer Question No. 5; otherwise, do not answer Question No. 5.

## QUESTION NO. 5

What percentage of the negligence that caused the occurrence in question do you find from a preponderance of the evidence to be attributable to each of the persons found by you to have been negligent?

Defendant's Proposed Charge

16

The percentage you find must total 100 percent. The negligence attributable to anyone named below is not necessarily measured by the number of acts or omissions found.

Answer by stating the percentage, if any, opposite each name:

ALMA TAITAGUE             _____%

ALBERTSON'S, INC.         _____%

                    TOTAL            100%

## QUESTION NO. 6

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate ALMA TAITAGUE for her injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages from one element in any other element. Do not include any amount for any condition not resulting from the occurrence in question. Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question. Do not include interest on any amount of damages you find.

Defendant's Proposed Charge

Answer separately in dollars and cents for damages, if any, with respect to each of the following elements:

    a.    Physical pain and mental anguish in the past    $_____

    b.    Reasonable and necessary medical expenses in the past    $_____

    c.    Physical impairment sustained in the past    $_____

## QUESTION NO. 7

What sum of money, if paid now in cash, would fairly and reasonably compensate BILL TAITAGUE for injuries, if any to his wife, ALMA TAITAGUE, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages from one element in any other element. Do not include any amount for any condition not resulting from the occurrence in question. Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any, with respect to each of the following elements.

    a.    Loss of consortium in the past    $_____

Defendant's Proposed Charge

18