32

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 5 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ALMA TAITAGUE and BILL TAITAGUE | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-099 |
| | § | |
| | § | |
| | § | |
| ALBERTSON'S, INC. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
## TO WITHDRAW OR AMEND ADMISSIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes **ALMA TAITAGUE** and **BILL TAITAGUE**, Plaintiffs, in the above-styled

and numbered cause and file this their Response to Defendant, Albertson's, Inc.'s, Motion

to Withdraw or Amend Admissions, and show the Court as follows:

### I.

### OPERATIVE FACTS

Plaintiffs, Alma Taitague and Bill Taitague served written discovery on Defendant,

Albertson's, Inc., on June 1, 2000.  Plaintiffs received Defendant's responses to written

discovery, including their admissions on October 2, 2000, a copy of which is attached

hereto as **EXHIBIT "A."**   Included in Defendant's responses to requests for production

was the incident report which indicated that Plaintiff Alma Taitague fell on a key lime.  See

**Exhibit "B."**  Now, Defendant wishes to recant its prior admission.

1

ClibPDF - www.fastio.com

## II.

## <u>ARGUMENTS AND AUTHORITIES</u>

1.      In this case photographs and video surveillance tape recordings taken at the scene

of the accident no longer exist.  Plaintiffs' counsel has previously filed a motion seeking to

compel these items, which the Court addressed in its order.  See attached **Exhibit "C."**

Furthermore, Plaintiffs are seeking a Spoliation Instruction from the Court.  Prior to any of

Plaintiffs' motions Defendant admitted the following:

> <u>Request for Admission No. 7:</u> Admit or deny that Plaintiff Alma Taitague fell on a
> lime located in Defendant's produce section.
>
> <u>Response:</u>    Admit.

2.      Defendant cites *Reyes v. Vantage S.S. Co.*, 672 F.2d 556, 557-58 (5trh Cir. 1982)

to support its proposition that the admission was inadvertently made.   In Reyes, the 5th

Circuit determined that the admission, concerning notice of the bankruptcy proceeding,

was based on a faulty assumption.  Specifically that Reyes' attorney had received actual

notice of the defendant's bankruptcy proceedings.  The Court of Appeals found that Reyes'

counsels receipt of the bankruptcy notice letter on the last day of the filing period was not

"actual notice in ample time to fully protect the creditor's rights" *Reyes v. Vantage S.S. Co.*,

672 F.2d at 558 citing *Moureau v. Leasematic*, Inc., 542 F.2d 251, 253 (5th Cir. 1976).   In

the present case, the Defendant had over four months to review its investigation file  prior

to making its admission, and over six months to seek to amend its answer.

3.      If an answer to a request for admissions admits liability, or a key element in

determining liability, the defendant cannot then deny the admission on the ground that

2

there is evidence that the admission was mistaken. "A judicial admission trumps evidence. This is the basis of the principal that a plaintiff can plead himself out of court." *Murrey v. U.S.*, 73 F.3rd 1448, 1455 (7th Cir. 1996).

4.      Defendant's evidentiary discussion is undermined by the statements of Alma Taitague during her deposition in which she states she felt the lime underneath her foot and then saw it rolling on the floor after she fell.  See pg. 13 lns. 9-24 attached as **Exhibit "D."**  Furthermore, the Defendant's own incident report indicates she fell on a key lime. **See Exhibit "B."**

5.      Allowing the Defendant to withdraw or amend its admission will prejudice the Plaintiffs in that Defendant who has been able to avoid producing the photographs and videotape recordings which would reveal the condition of the floor at the time of Alma Taitague's fall would now also be allowed to deny the existence of the item which caused her fall.

## III.

## Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request an order denying Defendant's Motion to Withdraw or Amend Admissions and for any further relief, at law or in equity, to which the Plaintiffs are justly entitled.

Respectfully submitted,

_____
Anthony P. Troiani

3

State Bar No.: 00795914
Federal No. 20607
LAW OFFICE OF ANTHONY TROIANI
700 Paredes Avenue, Suite 107
Brownsville, Texas 78521
(956) 541-4235 Tel.
(956) 541-9174 Fax.

ATTORNEY IN CHARGE

4

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record pursuant to the FRCP on this 25th day of April, 2001 to:

Mr. Douglas E. Chaves
CHAVES, GONZALES & HOBLIT, L.L.P.
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470

ANTHONY TROIANI

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion with opposing counsel in charge of this case and she/he is:

_____    I have been unsuccessful in my attempts to contact opposing counsel.

_____    I have been unsuccessful in my attempts to discuss this matter with opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

__X__    This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

_____    Opposing counsel has agreed or is unopposed to Movant's request under this Motion

ANTHONY P. TROIANI

5

# EXHIBIT "A"

ClibPDF - www.fastio.com

D-28812/3506      MOV:pdv            9/29/00

## CAUSE NO. 2000-CCL-497-B

| | | |
|---|---|---|
| ALMA T. TAITAGUE AND | § | IN THE COUNTY COURT AT LAW |
| BILL TAITAGUE | § | |
| | § | |
| VS. | § | NO. 2 |
| | § | |
| ALBERTSON'S, INC. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT ALBERTSON'S, INC. RESPONSES AND OBJECTIONS
## TO PLAINTIFF ALMA T. TAITAGUE'S REQUESTS FOR ADMISSION

TO:   **ALMA T. TAITAGUE,** by and through her attorney of record:

Mr. Anthony Troiani
**LAW OFFICES OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 106
Brownsville, Texas 78520

**NOW COMES ALBERTSON'S INC.,** Defendant in the above-entitled cause of

action, and files this its answers and objections  to Plaintiff's Requests for

Admission pursuant to Texas Rule of Civil Procedure 198.

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.**
418 East Dove
McAllen, Texas  78504
(956) 630-3080
(956) 630-0189 fax

BY:   _____
MIRIAM O. VICTORIAN
State Bar 20576700

ATTORNEY FOR DEFENDANT
ALBERTSON'S, INC.

OCT -2 '0

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing

has been forwarded to the following counsel of record, via certified mail, return

receipt requested on September 29th, 2000.

Mr. Anthony Troiani
**LAW OFFICES OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 106
Brownsville, Texas 78520
(956) 541-4235
(956) 541-9147 (fax)

_____
**MIRIAM O. VICTORIAN**

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit or deny that Defendant has been sued in its proper capacity.

**RESPONSE:**

    Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit or deny that Defendant was a proximate cause of the incident at issue in this lawsuit.

**RESPONSE:**

    Deny

**REQUEST FOR ADMISSION NO. 3:** Admit or deny that Defendant was open to the public on May 30, 1999 and operating as a grocery store.

**RESPONSE:**

    Admit

**REQUEST FOR ADMISSION NO. 4:** Admit or deny that Plaintiff Alma Taitague was not contributorily negligent in connection with the incident at issue in this lawsuit.

**RESPONSE:**

    Deny

**REQUEST FOR ADMISSION NO. 5:** Admit or deny that Defendant's agent or employee had not made any examination or inspection of the area where the Plaintiff Alma Taitague fell prior to the incident at issue in this lawsuit.

**RESPONSE:**

    Deny

**REQUEST FOR ADMISSION NO. 6:** Admit or deny that Defendant had a surveillance camera in the area where the Plaintiff Alma Taitague fell at the time of the incident at issue in this lawsuit.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 7:** Admit or deny that Plaintiff Alma Taitague fell on a lime located in Defendant's produce section.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION  NO. 8:** Admit or deny that Plaintiff Alma Taitague suffered personal injuries as a result of said slip and fall.

**RESPONSE:**

Deny

**REQUEST FOR ADMISSION  NO. 8:** Admit or deny that Defendant has hired a private investigator to assist in its defense of this claim.

**RESPONSE:**

Deny.

ClibPDF - www.fastio.com

# EXHIBIT "B"

ClibPDF - www.fastio.com

MAY 31 '99 12:25 FR GATES MCDONALD BOISE 208 333 1343 TO MAITLAND,FL ALBS P.12

# *Confidential* Customer
# Incident Report



**JRK**

## SLIP & FALL

Claim Number: *GLI1999TX001178*
Unit Number: *4084*
Phone: *(956) 542 -6227*
Address *3355 BOCA CHICA BLVD*
*BROWNSVILLE          TX      78520*
Store Director: *SAL GONZALEZ*          Investigating Employee: *RENE CORTEZ*

Incident Date: *05/30/1999*
Local Incident Time: *13:45*
ARMIS Entry Date: *05/31/1999*
ARMIS Entry Time: *08:17*

## Claimant Information

Social Security #: *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*          Employer: *Works for Atty*          Occupation:
Name: ~~LYDIA~~ *ALMA          TAITAQUE*          Sex: *F*
Address: *1300 SQUAW VALLEY DR      # B*                    Height:          Weight:
*BROWNSVILLE          TX          78520*          Birth Date:
Phone Numbers: (H) *956-350-4127*    (W) *956-541-4235*          Age/Estimated Age: *0*
Is the customer recognized as a frequent patron? *U*          Spouse's name (if married): *Bill*
Is the customer a minor? *N*          Parent(s) or Guardian(s):

## Incident Details

Where on premises did the incident occur? *SFLR-Produce*
   Name of unit's CAM Director
   Name of parking lot service:
Weather conditions: *Clear, dry*          Did the customer complain of inadequate lighting? *N*
Description of incident: *S/F KEY LIME/FELL ON HAND/ SWOLLEN L/ANKLE*

Claimant's version of incident: *SAME*
Condensed description of the accident: *S/F KEY LIME/ SWOLLEN ANKLE*
Does the unit agree with the claimant's version? *U*
   Explain why claimant's version is questioned:

Type of footgear worn: *Sandals/flip flops/birkenstocks*
Was foreign substance stuck to footgear? *N*
   Describe foreign substance on footgear:
Did customer allege any debris/foreign substance in area? *Y*
   Describe alleged debris/foreign substance: *KEY LIME*
   Did store's investigation verify existence of alleged debris/foreign substance? *N*
   Source of debris/foreign substance:
      If from defective container, describe:
      If defective container involved, has unit preserved it as evidence?
   How much of an area did it cover?
   How long had the debris/foreign substance been there?
   How did the unit determine the length of time?
   Is the janitorial service involved? *N*          Name of janitorial company:
   Was any employee aware of the condition prior to the incident?
      Name of employee aware:
      Reason for awareness:
How often is the area inspected? *HRLY*
How long before the incident was the area inspected? *15 MIN*          Was it clear at that time? *Y*
   Employee who did last inspection: *UNK*
Who inspected the area after the incident? *RENE CORTEZ*
   Did the substance appear slipped on?
Did the incident occur on non-skid flooring? *N*
Were caution cones out? *N*    Number of cones:          Cone distance:
Were mats out? *N*          Number of mats:          Mat distance:
Is there any defective equipment to be repaired or replaced? *N*    If so, describe:
Are any photos, videotape, or paperwork being forwarded? *PHOTOS/ VIDEO(?)* Blue Slip & Fall form? *N*
Should the customer be contacted? *Y*          If no, explain:

**FAXED**

**MAY 31 1999**

## Injury Details   Will the customer require medical attention? *U*
Name of hospital if taken by ambulance:
What part of body was injured? *ankle-left*          Describe the type of injury: *strain muscle or ligament-other*

## First Witness Information          ## Second Witness Information
Name:                    Name:
Address:                    Address:

Phone number:                    Phone number:
Category of witness:                    Category of witness:
Witness comments:                    Witness comments:

Date of unit's first notice of incident: *05/30/1999*          Operator ID: *GORMJCS*
Time of unit's first notice of incident: *13:45*          Adjusting Office: *500*

ClibPDF - www.fastio.com

# EXHIBIT "C"

ClibPDF - www.fastio.com

26

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 2 3 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ALMA T. TAITAGUE AND<br>BILL TAITAGUE | § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-099 |
| ALBERTSON'S, INC. | § § | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Discovery and for Sanctions (Docket No. 22). It is ORDERED:

1. That Defendant advise Plaintiffs as to Hector Betancourt's last known address as well as the names and addresses of anyone who may have knowledge of Hector Betancourt's whereabouts.

2. In view of counsel for Defendant's representation that surveillance video tapes of the scene of the accident made the basis of this case no longer exist, it would be fruitless to order their production.

3. Plaintiffs can urge their spoliation instruction after the evidence with respect to that issue has been presented to the trial judge.

4. All other relief sought is DENIED.

SIGNED at Brownsville, Texas, this 19th day of April, 2001.

John Wm. Black
United States Magistrate Judge

# EXHIBIT "D"

ClibPDF - www.fastio.com

Page 10

1 Mr. Troiani?
2   A. No.
3   Q. So is this the only claim you've ever filed?
4   A. Yes.
5   Q. Okay. We're here today as a result of an
6 accident which occurred at Albertson's, correct?
7   A. Yes.
8   Q. Go ahead and tell me in your own words what
9 happened that day.
10  A. That day that we walked in was May 30th of
11 1999. We walked in to do some shopping. Walked in
12 through the deli section, proceeded into -- I wanted to
13 buy some luncheon meat, but there was a line at the
14 deli section. So we proceeded into the produce
15 section, went towards the end, got some potatoes, got
16 some onions. Then I remembered I needed to get some
17 other produce which was towards the deli. I walked
18 back down towards the deli section, but
19 towards -- well, towards the front of the produce
20 section, came around, walked into an aisle, and
21 proceeded to go get a plastic bag. As I proceeded to
22 go get a plastic bag, I slipped and fell. My ankle
23 just went under me, landed on one knee, on my right
24 knee, put my hands out so that I could break my fall so
25 that I wouldn't hit my face, and, basically, landed on

Page 11

1 the floor. And as I landed on the floor, I looked and
2 I saw a lime still rolling into the main aisle.
3   Q. Okay. So this accident occurred on May 30th?
4   A. Yes.
5   Q. 1998?
6   A. '99.
7   Q. I'm sorry, '99. This is at Albertson's. Which
8 store, by the way?
9   A. Brownsville.
10  Q. Brownsville. Do you remember the street it was
11 on?
12  A. It's on --
13  Q. Is it Boca Chica?
14  A. Boca Chica and International, I believe.
15  Q. Do you remember what time this occurred at,
16 approximate time?
17  A. This occurred approximately about 1:00 o'clock
18 or a little bit after 1:00 o'clock.
19  Q. p.m.?
20  A. Yes.
21  Q. Okay. So you previously testified that you had
22 gotten some carrots and some potatoes?
23  A. Potatoes and onions.
24  Q. Okay. And that's all in the same vicinity,
25 which is the produce section?

Page 12

1   A. Yes.
2   Q. Okay. About how long were you in the produce
3 section before your fall?
4   A. We were in the produce section about, maybe, 15
5 minutes.
6   Q. Okay. Now, this place where you were getting
7 bags, the baggies, is that by the key lime bin?
8   A. Yes.
9   Q. It is? Okay.
10  A. Well, the key lime bin was across from the
11 plastic bags.
12  Q. Okay.
13  A. And was in the same aisle.
14  Q. Now, for the potatoes and the carrots, did you
15 get the plastic bags all from that same area as well
16 previously?
17  A. No, towards the end. They have plastic bags
18 back there, so --
19  Q. So as you approached the key lime area to
20 obtain a plastic bag, was that the first time that
21 you'd been in that area that day?
22  A. Yes.
23  Q. Okay. And if I understand correctly, you were
24 walking, and then you fell?
25  A. Yes, I was walking and I stepped on the lime

Page 13

1 and my ankle went -- my left ankle went under me and I
2 landed on my right knee. And I put my hands out to
3 break my fall and I fell.
4   Q. Do you remember looking down as you were
5 walking? I mean, did you see the key lime?
6   A. No, sir. I was looking at the displays, at the
7 prices of the apples. And I was looking towards eye
8 level.
9   Q. Do you know for a fact that you did actually
10 slip on the key lime?
11  A. I saw the key lime rolling -- after I fell, I
12 saw the key lime still rolling into the main aisle.
13  Q. But do you know for a fact if you actually
14 stepped on the key lime?
15  A. Yes.
16  Q. Is that a "yes"?
17  A. Yes.
18  Q. And how do you know that?
19  A. Because I stepped on it and I felt -- when I
20 stepped on the key lime, I felt it slip, and that's
21 when I -- my ankle -- my left ankle went under me. So
22 I felt something. I stepped on something.
23  Q. But do you know for a fact it was the key lime?
24  A. Yes.
25  Q. And you know that because you saw it rolling?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ALMA TAITAGUE and BILL TAITAGUE      §
                                 §
                                 §
VS.                                  §      CIVIL ACTION NO. B-00-099
                                 §
                                 §
ALBERTSON'S, INC.                    §

## ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW

On this the day came to be heard Defendant's Motion to Withdraw or Amend

Admissions and having come before the Court and after hearing the arguments of counsel

and considering the motions presented, Defendant's Motion is hereby: **Denied.**

SIGNED FOR ENTRY this _____ day of _____ , 2001.


_____
JUDGE PRESIDING

6